Mr. Ch. J. Murray
delivered the opinion of the Court.
Mr. J. Heydeneeldt concurred.
Upon the trial of this cause in the Court below, the prisoner moved for a continuance, on the ground of the absence of his counsel from sickness, and in support of the application, produced the affidavit of the junior counsel in the case, stating that the senior counsel, to whom had been entrusted the chief care and management of the case, was unable to attend the trial in consequence of indisposition, and that he, the junior counsel, was not only too unwell to try the cause, but was also incompetent, being almost entirely ignorant of the facts of the case, and the grounds of the defense. The Court below overruled the motion, and compelled the prisoner to go to trial. The jury found a verdict of guilty, from which, as well as the refusal of the Court to continue the cause, the prisoner appealed.
It is now contended that the power to grant continuances is a discretionary power, which cannot be reviewed by this Court. We have repeatedly held that, in all cases of discretion, the Court, below must exercise a sound and proper discretion, and if it appeared that this had not been done, we would supervise the action of the Court.
We regard the absence of counsel, under the circumstances shown in the record, as good cause for the postpone *190 m6nt of the trial; particularly so in a criminal case, where the life of the party is in jeopardy. In such cases, the counsel who has been employed, is supposed to have possessed'himself of all the facts of the case; his client, as a general rule, has explained every circumstance, so as to enable him to unravel the tangled web of contradictory evidence; to explain the points of testimony, or controvert them, as they are developed; in short, to do all that may be necessary to a skillful and successful defense. Under such •circumstances, it would operate not only a great hardship, but in fact a total denial of justice, when some sudden accident or indisposition, over which he had no control [190] and *in which he had no participation, had deprived him of his counsel, to compel him to go to trial without at least affording him sufficient time to employ other counsel, and prepare for his defense. The reason of the rule, and the practical injustice of any other, are too obvious to every lawyer; to require argument at the hands of this Court.
It is said that counsel may feign sickness, or purposely absent themselves to prevent a trial. We cannot readily yield to the suggestion that any officer of this Court, or member of the Bar, would resort to dishonest or dishonorable means to defeat the ends of justice. Such cases will rarely occur; the power of the- Court over its officers will be found a sufficient restraint against them, and if they should, the injury resulting will be far less than the wrong resulting from an arbitrary enforcement of the rule contended for-
Judgment reversed, and new trial ordered.