## STATE OF IOWA;

### DES MOINES, DECEMBER TERM, A. D. 1873.

IN THE TWENTY-NINTH YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
  "   CHESTER C. COLE,
  "   WILLIAM E. MILLER, } JUDGES.
  "   JAMES G. DAY,

---

## THE CITY OF CLINTON v. THE CLINTON AND LYONS HORSE RAILWAY CO.

1. **Street railways:** RIGHT OF WAY ACT. The provisions of our statute respecting the appropriation of the right of way for railroad companies, applies as well to railways operated by animal power as to those operated by steam.

2. —— Hence a street railway connecting two cities, constructed in pursuance of an ordinance purporting to authorize it, does not become a nuisance on repeal of such ordinance.

3. —— POLICE REGULATION AND CONTROL. But a street railway is subject to proper police regulations and equitable control.

4. —— A city ordinance prescribing the place and mode of construction and operation is valid, and will, after its acceptance by the railway company, be regarded as determining the control to be exercised by the city.

5. —— But after repeal of the ordinance, the city ceases to have power to enforce its provisions.

*Appeal from Clinton District Court.*

THURSDAY, SEPTEMBER 18.

THE petition alleges, in substance, that the plaintiff is a municipal corporation, organized under the laws of Iowa as a city of the second class. That defendant is, and for more than three years has been, a corporation organized and existing in the county of Clinton, and engaged in operating a horse railway through, between, and in the cities of Clinton and Lyons in said county. That about the 14th day of June, 1869, the city council of the city of Clinton passed an ordinance granting to defendant the right to lay and operate upon Second street, in said city, a single track railway, with necessary turnouts and side tracks, in consideration of the performance of certain conditions by said company, one of which was that it should complete the laying of the track from the crossing of Thirteenth avenue, South Clinton, on said Second street, to the north line of the city of Clinton, and have the road in operation by the 1st day of October, 1870.

This ordinance further provides that said company shall not lay their tracks nearer than twelve feet to any sidewalk; that they shall plank or pave the space between the rails of said track, and keep the same in good order and repair; that said track shall not obstruct the free passage of vehicles upon and across the streets; that the railway shall be kept in operation daily, and make at least twelve trips each day the entire length of the road; that the company shall use no other than animal power in running its cars, and that the road shall be used for no other purpose than the transportation of passengers and their necessary

baggage. It also fixes the rate of charge, provides that the company shall be liable for injuries occasioned by the negligence or misconduct of its servants or agents, and reserves to the city the right to alter the grades of the said street, to make or repair sewers or gutters, and to lay gas or water pipes without any liability to the defendant for damages.

The ordinance further provides that in the event of said company, its successors or assigns, violating or failing to conform to any of the conditions and requirements contained therein, it shall forfeit to the city of Clinton all the rights and franchises acquired thereunder, and that the company shall, within twenty days of its taking effect, signify its acceptance thereof in writing.

The petition further alleges that within twenty days of the taking effect of the ordinance, the defendant duly signified its acceptance thereof, and immediately commenced building its railway in the city of Clinton, and completed the same to a point therein in Second street, between Eighth and Tenth avenues, about three blocks north of Thirteenth avenue, in South Clinton, and that it has never completed its railway to Thirteenth avenue.

That about the 8th day of August, 1870, the city council of the city of Clinton passed a resolution requesting their clerk to notify the defendant that the city of Clinton will require said company to build and operate said road on Second street from its present terminus to Thirteenth avenue, in accordance with the ordinance granting the right of way to defendant.

That about the 17th of October, 1870, the said city council, at the request of defendant, extended the time for completing said railway to Thirteenth avenue, to six months from November 1, 1870, and that about the 14th of August, 1871, they again extended the time for completing said railway to a time to be thereafter fixed.

That on the 8th of July, 1872, they passed a resolution that defendant be instructed to complete its road to Thirteenth avenue within thirty days.

That defendant has utterly failed and refused to comply

with the terms and conditions of this resolution. That Second street is the principal business street in the city of Clinton, and the interests and convenience of the city require that said railway, if used at all, be extended to Thirteenth avenue.

That on the 31st of August, 1872, the city council passed a resolution forfeiting all rights and privileges granted to said defendant, and that on the 11th of October, 1872, they passed an ordinance repealing the ordinance authorizing the Clinton and Lyons Horse Railway Company to construct and operate a horse railway in and upon Second street, revoking and forfeiting all rights, privileges and franchises granted by said ordinance, and declaring the track of the Clinton and Lyons Railway upon Second street, a nuisance.

The petition asks that defendant be enjoined from using or operating the track of the Clinton and Lyons Horse Railway Company in the city of Clinton, that the track be decreed a nuisance and ordered abated, or that the defendant be required to specifically perform its contract in said ordinance contained, and to build and operate said railway as required by said ordinance.

A general demurrer to this petition was sustained.

Plaintiff appeals.

*Walter I. Hayes, Geo. B. Young* and *J. H. Flint* for the appellants.

*Ellis & Spence* and *E. S. Bailey* for the appellee.

DAY, J. — The position of appellant is that the sole authority of defendant to construct its railway was derived from the ordinance of the city of Clinton authorizing defendant, subject to certain conditions, to construct a horse railway upon Second street, in said city, and that upon the repeal of that ordinance the said railway existed without authority, became a nuisance, and was subject to abatement as such; whilst upon the part of appellee it is claimed that the general right of way statute (Revision, chap. 55, art. 3) applies to defendant and confers

1. STREET RAILWAY: right of way act.

upon it full authority to construct its railway over the streets of said city, independently of any action of the city authorities.

We are not called upon to determine in this case whether the provisions of this statute apply to a street railway constructed wholly within a town or city, for it appears from the allegations of the petition that the railway in question runs between and connects two cities, the petition alleging that defendant is "engaged in operating a horse railway through, between and in the cities of Clinton and Lyons."

This being the case we know of no rule of construction which will justify us in holding that the railway in question is not entitled to the benefits of the provisions of said statute. Clearly its language is broad enough to include the defendant.

The language is "any railroad corporation heretofore organized, or that may hereafter be organized, under the laws of this State," etc. The mere fact that cars upon defendant's line of road are propelled by animal instead of steam power cannot be regarded as a controlling circumstance, for it is a well-known fact that upon some street railways steam is used as a motive power, whilst upon some railroads animal power is employed.

In the *City of Chicago* v. *Evans*, 24 Ill. 52, language was employed which seems directly applicable to this question. The court said: "The record presents the question whether under the act of February, 1853, horse railways in this State may unite their railroads and make running arrangements with each other. That act in terms applies to all railroads organized under the laws of this State. This language is manifestly sufficiently comprehensive to embrace horse railways as well as railroads whose cars are propelled by steam or other power. The language of the enactment embraced all roads then organized, as well as those which might afterward become so, and the act makes no distinction or reservation as to the character of the railroad. The members of the general assembly were fully aware that these various railroads existed, and if any roads answering either description were not designed to be embraced, they would, it appears to us, have limited the oper-

ation of the act so as to *exclude* them. Horse city railroads unquestionably fall within the description of the class of subjects on which they were legislating. They are in every sense of the term railroads. They are incorporated under the laws of the State, and are embraced within the language of the statute and, we have no doubt, within its spirit." If this language had been employed respecting our right of way statute it could not have been made more applicable to it. It is contended that this act could not have had reference to horse or city railways, because none existed in the State at the time of its enactment. But the same is true of all other railroads.

We are of opinion both upon principle and authority that our general right of way statute embraces within its terms and its spirit the railway now under consideration.

II. It follows as a corollary from the foregoing determination and the adjudications of this court, that the railway under consideration cannot be abated as a nuisance.

The repeal of the ordinance authorizing the construction oi this railway upon Second street in the city of Clinton leaves the defendant in no worse position than if the ordinance had never been enacted. Section 1321 of the Revision is as follows : " Any railroad corporation may raise or lower any turnpike, plank-road, or other way, for the purpose of having their railroad pass over or under the same ; and in such cases said corporation shall put such turnpike, plank-road, or other way, as soon as may be, in as good repair and condition as before such alteration. In the case of the *C. N. & S. W. R. Co.* v. *The Mayor of Newton*, 36 Iowa 299, it was held as a result of the prior adjudications that a railroad company has a right, under the provisions of section 1321, subject to proper equitable control and police regulations, to pass over a street in a city without the consent of the city authorities. If such right exists it is apparent that the repeal of the ordinance in question did not render defendant's railway a nuisance.

III. It does not follow from the foregoing views that railways in the streets of cities are independent of all control or supervision.

The right to construct them exists, subject to proper equitable control and police regulations. The ordinance of the city of Clinton, imposing conditions as to place

3. —— Police regulation and control. and mode of construction and manner of operation, and the acceptance of its conditions by defendant, may be regarded as a conventional provision respecting the proper equitable control and police regulations of the city. If this ordinance still existed we would find no difficulty in recognizing its validity, and in requiring the defendant to comply with its provisions.

But plaintiff has by its own solemn act annulled this ordinance. It now occupies the position of a party to a contract who having repudiated his agreement, and deliberately asserted his intention no longer to be bound thereby, asks a court of equity to enforce it specifically against the opposite party. That no relief would be afforded under such circumstances we need not stop to discuss. The plaintiff, therefore, under the facts set forth in the petition, is not entitled to any relief, and the demurrer to the petition was properly sustained.

Affirmed.