BARNEY, (ISELIN v.) See Case No. 7,103.
BARNEY, (KAUPE v.) See Case No. 7,628.

## Case No. 1,032.

### BARNEY v. KEOKUK et al.

[4 Dill. 593.][1]

Circuit Court, D. Iowa. Oct. Term, 1876.[2]

DEDICATION OF STREETS — MUNICIPAL CONTROL—RAILWAY TRACKS AND DEPOT BUILDING IN STREET — STEAMBOAT DEPOT BUILDING ON WATER STREET.

1. The owner of lots in the city of Keokuk, fronting on Water street, owns the fee in the street to the river, subject to the public easement.

2. The same rule applies to the original street and the newly made portions thereof reclaimed from the river.

3. Under the legislation of Iowa, as construed by the supreme court of the state (which construction was followed by this court), a railway company, with the assent of the municipal authorities, has the right to lay down its tracks over and upon Water street, in front of the plaintiff's lots, without the plaintiff's consent; but this right does not extend to the erection in the street of a permanent and substantial railway depot building in front of the plaintiff's lots, to the plaintiff's injury.

4. In view of the location and purpose of the dedication of Water street and the charter power of the city, it was held that the city might authorize a steamboat company to erect, for the shipment and receipt of merchandise, a building on or near the bank of the river in front of the plaintiff's lot, reserving municipal and police control over such structure.

5. Right to maintain ejectment subject to the public easement, quaere?

At law. Action in the nature of ejectment to establish plaintiff's right in Water street, Keokuk, subject to the public easement therein. The plaintiff, in his petition, described the locus in quo, as follows: "All the land lying and being in front of lots five and six, in block three, in the city of Keokuk, and extending from the front line of said lots to the Mississippi rivers, the full width of said lots." The plaintiff is the owner of said lots five and six, block three, which front on Water street, and he claims to be the owner of the street in front thereof, subject to the rights of the public.

The defendants are the city of Keokuk and several railway companies and the steamboat packet company, that respectively occupy the street in front of the plaintiff's lots, under the authority of the city. All the railway companies occupy part of Water street by railway tracks, but only one of the defendants (the Keokuk and Des Moines

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in 94 U. S. 324.]

Railway Company) has erected any building on the street.

The packet company use the street at the water line as a landing, and have erected on the street; as widened near the bank, in front of the plaintiff's lots, a building, in which to receive, shelter, and store merchandise received from or to be shipped on their boats. In the contract of the packet company with the city, dated March 28, 1870, it is provided that "the packet company shall not use and occupy said premises, otherwise than is customary for landing for steamers and storing merchandise, for shipping purposes, without reward, for the convenience of shippers and commerce, and said merchandise shall remain on said leased premises only for a reasonable time, to be governed by the police regulations for the government of the levee, according to the ordinances and resolutions now in force or that may hereafter be adopted and passed. Said building to be removed at the expiration of the ten years, at cost of packet company. In consideration thereof, the packet company agreed to fill in with earth the space leased and macadamize the same, under the direction of the city engineer, and to receive at par the wharf bonds of Keokuk in payment therefor."

The city of Keokuk, by its charter, has the usual municipal power over streets and their uses; but there is no special provision in the charter as to railway companies occupying the streets. This subject is regulated by the general legislation of the state, known as the right of way act, which has been frequently construed by the supreme court of the state to authorize railway companies to lay their tracks longitudinally upon the public highway (although the fee thereof is in the adjoining proprietor), and upon the streets of cities, without compensation to the abutters or adjoining owners.

As to wharves, the amended charter of January 22, 1853, section 7, provides as follows: "The said city council of Keokuk shall have the power to establish and regulate a wharf or wharves in said city, and more particularly to use the whole of Water street for said purpose, and to fix rates of landing and wharfage of all boats, rafts, water crafts, goods, wares, merchandise, produce, and other articles that may be moored at, landed, or taken from any landing, wharf, or wharves that have been or may be hereafter established by said city."

The other facts were mainly agreed upon, and appear in the report of the case on error, in [Barney v. Keokuk,] 94 U. S. 324, and are here omitted to save space.

The case was submitted to the circuit judge, originally, upon written arguments; after considering which he made the following order:

"In view of the important and difficult questions in this cause, it is ordered that it be set down for oral argument at the next term, upon the following points:

"1. Is the fee of the locus in quo in the plaintiff? And herein, whether there was any valid dedication of Water street, as respects the plaintiff's lots, prior to the decree of partition, and particularly whether the Galland map operated as an effectual dedication? And herein, as to the effect of the deeds of Marsh, Lee, Delevan, Galland, and others, of June 14, 1837, for lots on Water street, including a lot in block three, and elsewhere, in the town of Keokuk, 'as per plat thereof,' in connection with the fact that Marsh, Lee, and Delevan, trustees, afterwards drew the lots now owned by the plaintiff? Is the plaintiff estopped by these facts to deny a dedication of Water street prior to the decree of partition? Counsel will furnish an abstract of title of the plaintiff's lots from the beginning.

"2. If there was such prior dedication, what was the effect of it as respects the fee of the street, under the statutes then in force in that regard? And herein, see construction of statutes in Schurmeier v. St. Paul & P. R. Co., 10 Minn. 82 et seq., [Gil. 59,] affirmed [St. Paul & P. R. Co. v. Schurmeier,] 7 Wall. [74 U. S.] 272; and what has been the construction of the statutes, in this regard, in Michigan, Wisconsin, Illinois, and Iowa? And if the construction in Iowa is in conflict with the case in [St. Paul & P. R. Co. v. Schurmeier,] 7 Wall. [74 U. S.] 272, which construction should be applied in this case?

"3. If there was no effectual dedication prior to the partition decree, or none binding upon the plaintiff, and supposing that to leave the fee in Water street in the adjoining lot owners, subject to the public easement, can the city authorize the uses which have been made of Water street by the several railway companies and the packet company?

"4. If the right is with the plaintiff, is ejectment a proper remedy to enforce it?"

George W. & A. J. McCrary, J. L. Rice, and W. B. Collins, for plaintiff.

Craig & Collier, Gillmore & Anderson, Ingersoll & Puterbaugh, Seaton & Spaan, W. S. Bush, and John Gibbons, for defendants.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge, (LOVE, District Judge, concurring,) announced that the court had reached the following conclusions:

1. There was no completed statutory dedication of Water street under the town plat act of 1839, prior to the decree of partition, for the reason, among others, that all of the proprietors, i. e., the half-breed owners and their grantees, did not join in making a plat or in selling lots according to the Galland or other plat. What was done prior to the decree, was at most a common law dedication by those who platted or recognized the plat, and it was, therefore, competent for the decree of partition to provide, as it did, that

"lots on Water street should include all the land in front of the lots to the Mississippi river." This seems to have been the accepted view of the question. Milburn v. City of Cedar Rapids, 12 Iowa, 246; Haight v. Keokuk, 4 Iowa, 199. This leaves the fee of the land in Water street in the adjoining lot owners, including the plaintiff, subject to the rights of the public.

2. The additional ground made by filling in Water street by the city, outside of the original water line, partakes of the same character as the original street. The fee of the newly made ground in front of the plaintiff's lot is, therefore, in the plaintiff, but it is subject to the same public uses as the original street. Haight v. Keokuk, 4 Iowa, 199, 214; Wood v. San Francisco, 4 Cal. 190; New Orleans v. U. S., 10 Pet. [35 U. S.] 662.

3. Under the legislation of Iowa, as construed by the supreme court of the state, railroad companies, certainly with the assent of the municipal authorities, have the right to lay down their tracks in the streets of a city, whether they were dedicated under the statute or as at common law—that is, whether the fee be in the city or in the adjoining proprietor. The cases in relation to railway tracks in common highways, and those relating to railways in streets in Dubuque and Burlington, establish this. Milburn v. City of Cedar Rapids, 12 Iowa, 249; Clinton v. Cedar Rapids & M. R. R. Co., 24 Iowa, 455; Tomlin v. Dubuque, B. & M. R. Co., 32 Iowa, 106; Chicago, N. & S. R. Co. v. Newton, 36 Iowa, 299; Cook v. Burlington, 36 Iowa, 357; Clinton v. Clinton & L. H. Ry. Co., 37 Iowa, 61; Ingram v. Chicago, D. & M. R. Co., 38 Iowa, 669. The court should adopt as a rule of decision, on such a question, the exposition of the state statutes by the supreme court of the state. Suydam v. Williamson, 24 How. [65 U. S.] 427; Leffingwell v. Warren, 2 Black, [67 U. S.] 599, 603; Christy v. Pridgeon, 4 Wall. [71 U. S.] 196; Nichol v. Levy, 5 Wall. [72 U. S.] 433; Shipp v. Miller, 2 Wheat. [15 U. S.] 316; Jackson v. Chew, 12 Wheat. [25 U. S.] 162; Swift v. Tyson, 16 Pet. [41 U. S.] 17.

4. This, however, does not give the railway company, even with the assent of the municipality, the right to erect a permanent and substantial depot building in the street. The right of way act of 1853 has never been thus extended by any judicial exposition of the state supreme court, nor, in our judgment, ought it to be, at least in cases where the fee is in the abutting lot owners.

5. In view of the location and situation of Water street, and the presumed intention of the dedication thereof to the public, and guided by the opinion of the supreme court of the state in this regard, in Haight v. Keokuk, supra, and the power of the city as to wharves, and the use of Water street for that purpose, given by the act of 1853, Water street may be used for levee and wharf purposes under municipal management and control. The building erected by the packet company, under the contract with the city of March 28, 1870, for the purposes therein mentioned, for the receipt and temporary shelter and storage of goods, etc., subject to municipal control, is a reasonable use of Water street as a wharf or levee as incidental to the requirements of navigation and shipping, and does not infringe the plaintiff's rights. Illinois & St. L. R., etc., Co. v. St. Louis, [Case No. 7,007.]

6. We have some doubt as to the right to maintain ejectment in such a case as this, but, under the practice in this state, we can adjudge the right even though we could not issue a writ of possession. The plaintiff may take a judgment as respects the railway depot building in such form as he prefers. Judgment accordingly.

NOTE, [from original report.] The judgment in this case was affirmed, [by the supreme court,] on all points, at the October term, 1876. [Barney v. Keokuk, 94 U. S. 324.]

Mr. Justice Bradley, delivering the opinion of the supreme court, makes this important statement concerning a distinction which has often been made the basis of measuring the extent of the rights of the abutting proprietors: "On the general question as to the rights of the public in a city street, we cannot see any material difference in principle with regard to the extent of those rights, whether the fee is in the public, or in the adjacent land owner, or in some third person."

In view of the facts of the case, this observation cannot fairly be considered as obiter, for the plaintiff's case essentially rested upon the proposition that he was the owner of the fee of the street in front of his lots, and that this gave him the right to recover—a right which it was clear, under the laws of Iowa, he did not otherwise possess. But whether the principle stated in the above extract was actually in judgment or not, it is the sound doctrine as applied to streets in cities and incorporated places, and will, eventually, be acknowledged as such, wherever the legislative will is silent and the courts are not tied down by previous decisions. In St. Paul & P. R. Co. v. Schurmeier, 7 Wall. [74 U. S.] 272, (which, for a better understanding of it, should be read in connection with the same case below,—10 Minn. 82, [Gil. 59,]—which was similar to the principal case in all essential respects, a different result was reached. The supreme court of Minnesota held that the use of the "landing" and streets by the railway company was an additional servitude, of which the adjoining lot owner could not be deprived without compensation to him; and Mr. Justice Clifford, in the concluding part of his opinion, [Railroad Co. v. Schurmeier,]—7 Wall. [74 U. S.] 289,—seems to assent to the correctness of this view. In Schurmeier's Case, the result was that the railroad company was enjoined, at his instance, from constructing its road on the landing and streets in front of his lots. But in Barney's Case the railroad company was held to have the right thus to use the street. These opposite results, under statutes substantially the same, are in consequence of the supreme court of the United States adopting in each case, as a rule of decision, the conflicting construction of the state legislation by the supreme courts of Minnesota and Iowa.

BARNEY, (LATHAM v.) See Case No. 8,102.

BARNEY, (MOKE v.) See Case No. 9,698.

BARNEY, (MORRIS v.) See Case No. 9,826.