# THE CHICAGO & ALTON RAILROAD COMPANY
## V.
## EDWARD WOOLRIDGE.

*Railroads—Personal Injuries—Right of Passengers on Depot Plat-*
*form—Instructions—Evidence—Sufficiency of—Servants—Negligence of.*

1.   In an action by a party alleged to have been injured by the careless handling of a truck by a baggageman upon a depot platform, where certain instructions did not pretend to determine the liability of appellant under the circumstances shown, but merely laid down the general principles of care required of appellant's servants, this court holds that the omission to state in such instructions that, in order to recover, the appellee must himself have been in the exercise of due care, was not erroneous.

2.   It does not constitute negligence, as a matter of law, for a passenger waiting for a train at a depot to go upon the platform before it is necessary for him to board the same. He is not required to remain in the waiting room.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Macoupin County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. RINAKER & RINAKER, for appellant.

The third instruction is bad and should have been refused, because it does not inform the jury that the railroad company is only liable for the negligent acts of its servants, when such acts happen to injure persons who are themselves at the time in the exercise of due and ordinary care for their own personal safety. See C. & N. R. E. Co. v. Carroll, 12 Ill. App. 643; Peoria P. U. Ry. Co. v. O'Brien, 18 Ill. App. 28; City of Peoria v. Simpson, 110 Ill. 294.

When a person is at the depot of a railroad company, even with the intention of taking one of several trains expected to depart therefrom, when there is an unusual number of persons present expecting also to depart from such depot on such trains, and when trains with passengers are at the same time arriving, it is his duty to exercise a degree of care for his personal safety commensurate with the increased danger to which such circumstances and conditions give rise, and to neglect to do so is a failure to exercise due and ordinary care on his part. Todd v. Old Colony R. R. Co., 3 Allen, 18; Hickey v. Boston & Lowell R. R. Co., 14 Allen, 429; Pittsburg R. R. v. McClurg, 59 Pa. St. 294; Indianapolis R. R. v. Rutherford, 29 Ind. 82; I. C. R. R. Co. v. Hall, 72 Ill. 222; Colorada Central R. R. Co. v. Holmes, 5 Col. 197; Cooley on Torts, 674; R. R. Co. v. Schwindling, 8 Am. & Eng. Ry. Cases, 544.

Mr. R. B. SHIRLEY, for appellee.

CONGER, J.   This was an action by appellee against appellant for injuries to his person caused, as stated in the first count of his declaration, by the negligence of appellant's servants in permitting a baggage truck used on the depot platform to be run and driven against its train of cars while the latter were in motion.   Verdict and judgment for appellee for $225.

The main facts as stated on the trial by appellee were that he resided in Shipman, and on the evening of October 9, 1888, came to Carlinville to a political meeting, and about ten, that evening went to appellant's depot to return home. He says : "I reside in Shipman, Illinois, am thirty-three years old, a carpenter by trade; came to Carlinville on the evening of October the 9th, the day of the ' Fifer rally,' on the C. & A. train from the south ; I went back to the C. & A. depot a short time before the lightning train came in from the south ; my train going south, was on the side track ; I went in the waiting room, stayed a little while, went down on the north end of the depot platform and came walking back just as the lightning came in; there was a crowd on the platform ; as I walked up, the baggage man came rolling the truck down just as the train came in going north; same as the train ; he got pretty close to me, and let the truck get into the train, and it struck me ; I saw it as it struck the train ; there was some baggage on the truck and he was rolling it right towards me ; I was towards the building, and the people were giving the road for him; I was about twelve feet from the truck when it struck the train, northeast, next the house, and it was on the edge of the platform ; don't know if Seaman was rolling the truck as the time it was struck ; he had hold of the truck when it struck, rolling it along and it struck the car; it was a large baggage truck ; I was knocked down, hurt on the leg; there were seven places showing where I was struck, and injuries show yet; I was helped into the depot waiting room and on the train and went to Shipman that night."

He had procurred a ticket at Shipman for the round trip.

Appellant introduced evidence tending to show a different state of facts.    The baggage master, Mr. Seaman, in reference to the accident says :

" I am the baggage master of the C. & A. R. R. at Carlinville, Ill., and have been for thirteen years last past ; was on October 9th, last; I receive baggage, check it and put it on the cars ; I wait until the train is in sight and then run truck up to where train stops for baggage, and usually, have time to go in and get the mail; I know where the train will stop ; if

there is not time to get the mail I stay until train stops and put the baggage on.

"On the night of this accident I was on duty when the lightning came in, and had three pieces of baggage for Springfield, all checked; one was a boot and shoe trunk; I had them on the baggage truck south of the baggage room door at about 9 o'clock and until No. 3 had turned the corner, when I lit the gas at the baggage room door and then ran my baggage to where they usually stop; I pulled my baggage with my right hand and pushed the mail-cart with my left; I was at the north end of the truck with the mail cart at my left hand as I went up, pushing it; the effect of the way I was pulling it would be to run the rear end of the truck more towards the house than the train, because I was pulling it on one side.

"I stopped right opposite the office door and turned facing the building, holding the baggage truck with my right hand and my left hand a hold of the mail cart; didn't know but that they might shove it into the train; I didn't leave it at all; such a crowd there; the engine and mail car passed me all right, that is all that I remember.

"Just as I got on the truck to light the gas a man said he had a trunk he wanted checked, but I refused because I then did not have time; I didn't see him any more only as he came past me with the truck, the express truck; it came down from the north end same time train was coming in; came right down past my truck, past the north end of my truck, where I was standing still holding it; don't know what became of it; I was knocked down and didn't know where it was until after the train pulled out; up to the time that truck came past, nothing had happened to me; there was one trunk on it."

Other witnesses corroborate to some extent the statements of these two.

The theory of appellee is that the baggage master carelessly allowed one end of his truck to come in contact with the train, thereby throwing it forward and causing the injury to appellee; while appellant urges that the collision of the baggage truck with the train was caused, not by any fault or

negligence of the baggage master, but because a stranger ran the express truck, upon which was his trunk, through the crowd upon the platform and against the baggage truck.

This was a question of fact to be determined by the jury and we find nothing in the evidence to warrant us in saying they have found erroneously.

Objection is made that the court erred in refusing to submit a number of special interrogatories to be answered by the jury. We think no error was committed in this respect. All that were material or relevant were included in others that were given to the jury. The first and third instructions given appellee, and which are as follows, are claimed to be erroneous:

1. The court instructs the jury, that persons passing over or standing on a depot platform, in a proper manner and going there in a reasonable time for the purpose of taking a train, are not trespassers; and the servants of a railroad company, knowing the enhanced danger at the depot ground to persons constantly passing and repassing, are required to exercise a greater decree of caution for the preservation and safety of life, than at other places, where persons have no right to be and where the employes of the company need not expect to find them.

3. The court instructs the jury, that a railroad company is liable for the negligent acts of its servant, if done in the course of his employment, even though the company did not authorize or know of such acts, or may have forbidden them ; but the act must be done while the servant is engaged in the service he is employed to render, and must also be done in the course of that employment.

The principal criticism of these instructions seems to be that they fail to state that appellee must himself have been in the exercise of due and ordinary care at the time. We see no force in this objection. They do not pretend to determine the liability of appellant under the circumstances shown, but lay down the general principles of care and caution required of appellant's servants, in which we see no error.

The fourth refused instruction of appellant in substance

states that unless the plaintiff was at the place where he was injured, on the platform of defendant's depot, on business with the defendant, or was there to take a train about to depart from the station, or to meet some one expected to arrive on the train then arriving, or to see some one about to leave on that train, then, if there was a suitable waiting room, though he was expecting to depart on some other train for which he may have been waiting, he had no right to be at the place he was, when he was injured.

We do not think this states the law correctly. To hold that a passenger waiting at a railroad depot for his train to arrive must remain in the waiting room, and that if he goes out upon the platform at any time before it becomes necessary to board his train, he is guilty of such negligence as to prevent his recovery for an injury like the one in question, is not consistent with reason or common sense.

After a careful consideration of the whole case, we fail to see any good reason for interfering with the judgment of the Circuit Court and it will therefore be affirmed.

*Judgment affirmed.*