## West Chicago Street R. R. Co. v. Benjamin Franklin James.

1. SURPLUSAGE—*Stating Duties in Actions for Negligence.*—In actions for negligence, charging that certain things were a duty, is mere surplusage. The duty, if any, results from the existing facts which should be stated.

2. PASSENGERS—*When Persons Become—Carrier Must Know who are.* —A person who has signaled a passing car to stop, and who, it having done so, is in the act of getting on to the same, having proceeded so far as to put his foot upon the step of the car, is a passenger, for whose safety the carrier is bound to exercise the highest diligence, and it is immaterial whether the carrier knows that such person has seized hold of the car and placed his foot upon the step or not, having stopped its car for the reception of passengers it is bound to take notice of all who occupy that relation.

3. MEASURE OF DAMAGES—*Mental Pain in Actions for Negligence.*— Mere humiliation arising from the contemplation of a maimed or disfigured body, is not, in an action based upon negligence, to be taken into consideration in estimating the pecuniary loss which the plaintiff has suffered.

4. SAME—*When Errors in Instructions as to, Not Ground for Reversal.*—In an action based on negligence where the plaintiff's right to recover under the evidence is clear, and the judgment he has obtained is not, for the injury which the jury had a right to believe he has sustained, excessive, taking into consideration only the proper elements of damage, it will not be reversed on account of an instruction allowing the jury to give damages for future mental pain.

Trespass on the Case, for personal injuries. Appeal from the Supe-
rior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.
Heard in this court at the March term, 1897. Affirmed. Opinion filed
March 29, 1897.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J.
McARDLE, of counsel.

CASE & HOGAN, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE
COURT.

This was an action to recover for personal injuries.
Upon the trial of the case it appeared that in May, 1894,
appellee, being on Madison street at its intersection with
California avenue, signaled one of the defendant's cars,
proceeding eastward, to stop. The car did stop on the
southeast corner of Madison street and California avenue.
Madison street runs east and west, and appellee, who, when
he first signaled the car was on the north side of Madison
street, crossed over, passed around the rear of the hinder-
most car, took hold of the iron handles, and, as he says,
"just got his toe upon the step of the car" when it sud-
denly started up, dragging him along for a distance of
some fifty feet, when his grasp broke and he fell to the
street, sustaining a severe injury to his arm; the car going
on without paying any attention to him.

Appellee says that he passed around the rear end of the
hindermost car because the gate was up on the north side of
the car, thus rendering it necessary for him to go to the
south side of the car in order to get on the same.

There was not entire agreement among the witnesses
who testified, some stating that the car was in motion
when appellee seized hold of it; but there was evidence
from which the jury could properly find, and we think the
preponderance of the evidence was, that the car had stopped
to take on and let off passengers, and that the appellee
took hold of the iron handles, and was attempting to get
on the car before it started.

The appellee in his declaration charges that on the day aforesaid, he became a passenger on said train at the intersection of West Madison street and California avenue, " and as such passenger signaled the agent in charge of said train at the proper place for stopping said train, to wit, at the corner of California avenue and Madison street, and thereupon said train was brought to a stop."

There is a manifest inconsistency in this allegation, as it is evident that a person standing in the street, does not become a passenger upon a passing street car, before he has signaled it to stop. We think, however, that the allegation that the plaintiff became a passenger before he signaled the train to stop, may, after verdict, be rejected as surplusage.

The declaration goes on to allege that thereupon said train was brought to a stop, and then and there became the duty of the defendant to give the plaintiff an opportunity to safely board said train before starting the same. In the entire declaration there is no charge that the signal given by the plaintiff was noticed or became known to the defendant, plaintiff having signaled the car to stop, and seeing it stop, had a right to assume that it had come to a halt at his request, and for the purpose of receiving him as a passenger.

As we have so often said, in this, as in other actions brought for negligence, charging that certain things was a duty, is mere surplusage. The duty, if any, results from the situation, the existing facts. Nor is there in the declaration any charge that the defendant, at the time it started its car, knew that the plaintiff was endeavoring to take passage thereon, or had seized hold of the iron handles placed for the assistance of passengers, or had put his foot upon the step. Such allegation is, in our judgment, unnecessary when it is charged in the declaration, in substance, that the car had stopped for the reception of passengers, and that the plaintiff was attempting to get on board the car and had one foot upon the rear step of the car.

A person who has signaled a passing car to stop, and who, it having done so, is in the act of getting on to the same,

having proceeded so far as to put his foot upon the step of the car, is a passenger, for whose safety the carrier is bound to exercise the highest diligence. Brien v. Bennett, 8 Carrington & Payne, 724; Smith v. Ry. Co., 32 Minn. 1.

Whether appellant knew that appellee had seized hold of the car and placed his foot upon the step before the car started is immaterial. Having stopped its car for the reception of passengers, it was bound to take notice of all who occupied that relation, and to exercise the highest degree of diligence for the safety of each.

While, therefore, the declaration of appellee is inartistic, we think that it is, after verdict, sufficient to sustain the judgment recovered.

The jury was instructed that if they believed from the evidence that the plaintiff has made out his case as laid in his declaration, by a preponderance of the evidence, then they must find for the plaintiff; and also, that if they believed from the evidence that the plaintiff, while in the exercise of ordinary care, was injured by or in consequence of the negligence of the defendant, in manner and form as charged in the declaration, then the jury should find the defendant guilty.

It is urged that under the ruling of the Supreme Court in Joliet Steel Co. v. Shields, 134 Ill. 209, it was error to give such instructions, concerning such a declaration as was filed in this case. What we have already said is sufficient upon this matter, our opinion being that the declaration, in substance, plainly charges that the plaintiff was a passenger and thereby the duty of defendant to him ensued as a matter of law.

The jury was instructed that in estimating plaintiff's damages, if any, they might take into consideration "any future bodily and mental pain or suffering, if any, that they might believe from the evidence the plaintiff would sustain by reason of injuries, if any, he might have received."

Under the recent rulings of the Supreme Court in this State, followed by this court in Chicago & Grand Trunk Ry. Co. v. Spurney,—Ill. App.—opinion filed March 8, 1897;

I. C. R. R. Co. v. Cole, 165 Ill. 334–339, we are of the opinion that such instruction as to future mental pain or suffering, should not have been given. In Wisconsin such matter is allowed to be taken into consideration, but as we have before said, we think that in this State the rule is, that mere humiliation arising from the contemplation of a maimed or disfigured body, is not, in an action based upon negligence, to be taken into consideration in estimating the pecuniary loss which the plaintiff has suffered.

Nevertheless, the injury suffered in this case being, as there was evidence and the jury had a right to find, the breaking and crippling of the right arm, causing a permanent disability and lessening the earning capacity of the appellee, we do not think the damages by him recovered, $2,500, are excessive.

It does not appear to us that the jury, in estimating the plaintiff's damages, were influenced by the instruction as to future mental pain, or gave any greater amount as damages than they would have done had such instruction been omitted.

We regard the plaintiff's right to recover, under the evidence, as clear, and the judgment he has obtained is not, for the injury which the jury had a right to believe he has sustained, excessive, taking into consideration only the elements of damage which it is proper to consider in an action based upon negligence.

The judgment of the Superior Court is therefore affirmed.