## Cleveland, C., C. and St. L. Ry. Co. v. Daniel Reese.

1. PRACTICE—*Effect of the Voluntary Dismissal of a Suit After its Removal to a Federal Court.*—When a suit is removed from a State to a Federal court and is there, on the voluntary motion of the plaintiff, dismissed at his costs, such dismissal has the effect of completely extin-

guishing all jurisdiction and power of the Federal court over the parties as well as the cause of action and the case.

2.  PASSENGERS—*Rights of, When Getting upon Trains.*—A passenger when getting upon a train from the platform provided by the carrier for that purpose, has a right, upon exercising ordinary care for his own safety, to require the servants of the carrier to exercise the highest degree of care not to injure him while they are handling trucks and baggage upon the same platform during the time that such train is discharging and receiving passengers.

3.  DAMAGES—*When $200 is Not Excessive.*—A passenger, while in the act of getting into a car, was struck on the right side of the chest by the baggage truck, which the truckman was in the act of pulling upon the platform alongside of the car. He got into the car, however, made his journey as intended, returned to his home in the afternoon and went to bed after getting there. The next day he called a physician who found a dark bruise on the right side of his chest. He remained sick in bed about three weeks and the physician gave it as his opinion that his illness was caused by the blow he had received. It was held that a verdict for $200 was not excessive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

H. M. STEELY, attorney for appellant.

ISAAC A. LOVE and W. R. JEWELL, JR., attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, Daniel Reese, sued appellant, Cleveland, Cincinnati, Chicago & St. Louis Railway Company, in the Circuit Court of Vermilion County in an action on the case to recover damages for an alleged personal injury which he claims he received while a passenger of appellant, in consequence of the negligence of its baggage truckman.

The case was tried by jury, resulted in a verdict and judgment in favor of appellee for the sum of $200 and costs.

To reverse the judgment, appellant prosecutes this appeal, and contends principally, that the Circuit Court improperly sustained the demurrer to its special plea, refused proper instructions and gave an improper instruction to the jury, and that the damages are excessive.

The declaration avers, in substance, that appellee, being desirous of going from Danville to Muncie, went to the depot of appellant in the city of Danville, and there purchased from its agent a ticket which entitled him to be carried over its railroad from Danville to Muncie; that he remained in the depot building of defendant, after obtaining his ticket, a short time, and until the passenger train of appellant, which was going to Muncie, arrived and stopped at the passenger platform provided at Danville by appellant, to discharge and receive passengers, and then he went with all due care for his own safety, upon said platform to the end of one of the cars of said train, and was in the act of getting upon the steps of the car to get into and be carried thence to Muncie, when he was struck on his breast with great force by the end of a baggage truck (or the trunk thereon) which was being carelessly and negligently pulled along the platform there by one of the servants of appellant; and that by reason of being so struck he was greatly injured and caused much pain and suffering, and was compelled to, and did expend a large sum of money, to wit, $50, in trying to be cured of his injury; whereby he sustained damages in the sum of $2,000, for which he brings suit.

To the declaration, appellant interposed a special plea as follows :

" And now comes the defendant, The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, a corporation, by H. M. Steely, its attorney, and defends the wrong and injury, when, etc., and says that the plaintiff ought not to have or maintain this suit against it, this defendant, because it says that the plaintiff heretofore impleaded it, the defendant, in the said Circuit Court of the said county of Vermilion, to the October term of the same court, in the year, A. D. 1899, in a certain plea of trespass on the case, for the same identical injury, acts of negligence and cause of action sued on in this case, to the damage of the plaintiff of $5,000.

And the defendant avers that thereupon it filed in said court its petition and bond, in due form of law, to remove said cause to the Circuit Court of the United States in and for the Southern District of the State of Illinois, and there-

upon such proceedings were had in said cause that afterward on November 28, A. D. 1899, being the forty-eighth day of (10) the October term of said Vermilion County Circuit Court, an order was entered removing and transferring said cause to the Circuit Court of the United States, in and for the Southern District of the State of Illinois.

And the defendant avers that on the first day of the next session of the Circuit Court of the United States in and for the Southern District of the State of Illinois, succeeding the entering of the order for the removal of said cause, to wit, of the January term, A. D. 1900, of said United States Circuit Court, it filed in the office of the clerk of the Circuit Court of the United States, in and for the Southern District of the State of Illinois, a copy of the record in said suit, and that the said cause was duly entered upon the docket of said court, and defendant filed therein its plea of not guilty.

And the defendant avers that afterward at the January term, A. D. 1900, of the Circuit Court of the United States in and for the Southern District of the State of Illinois, the plaintiff, without trial upon the merits, voluntarily dismissed his said suit so removed to and pending in the said Circuit Court of the United States in and for the Southern District of the State of Illinois, and an order was made by said court, entered of record, dismissing said cause upon plaintiff's motion and at his cost.

And the defendant avers that by the removal to, and docketing of said cause in the Circuit Court of the United States in and for the Southern District of the State of Illinois, said Federal court acquired, and retains, and now has sole and exclusive jurisdiction of the said cause of action (11) and matter in controversy, and the parties to this suit, and the jurisdiction of the State court, the Circuit Court of Vermilion County, Illinois, over said cause of action and matter in controversy, was, and is, permanently divested, and suit for such cause of action and matter in controversy can only be renewed or recommended in the Circuit Court of the United States, and not in this court.

And the defendant avers that no order was or has been entered by the said Circuit Court of the United States in and for the Southern District of the State of Illinois, remanding said Circuit Court in and for the county of Vermilion in the State of Illinois or the State court of the suit, cause of action, or matter in controversy to the jurisdiction of said cause of action sued on in that case and sued on in this case, being identical, remains with and is exclusively vested in the said Circuit Court of the United States.

And this the defendant is ready to verify by the records of said respective courts aforesaid. Wherefore it prays judgment if the court will take cognizance," etc.

To this plea the court sustained a demurrer and appellant preserved an exception. Appellant then filed a plea of not guilty to the declaration, and the trial was had upon the issues presented thereby.

It appears by the evidence that appellee resides in South Danville, is mine inspector of Vermilion county, and, being desirous of going to Muncie, a station on appellant's railroad west of Danville, went to the depot of appellant at Danville about ten o'clock in the morning to take appellant's passenger train which arrives there at 10:20 A. M. from the east, receives passengers and proceeds west to Muncie and stations beyond. After arriving at the depot, appellee purchased a ticket to Muncie from appellant's agent, and remained in the waiting room of the depot building until the 10:20 train arrived at the platform and stopped to discharge and receive passengers. He then walked from the waiting room on the platform, to where the ladies' car and the smoking car of the train were coupled together, and finding a number of persons were getting off the train there and others were on the platform waiting to get on, he walked on the platform alongside of the smoking car, to the west end of it, where he took hold of the rail with his left hand and was in the act of putting his foot upon the steps of the car, preparatory to getting into it, when he was struck on the right side of his chest by the baggage truck (or the trunk upon it), which the truckman of appellant was pulling alongside of the train from the west toward the east.

After the train stopped at the platform, the truckman put some baggage from the truck onto the baggage car, which was immediately west of the smoking car, and had received a trunk and valise onto the truck therefrom, and was pulling the truck by a short handle at the end, with his face toward it, he going backward toward the east alongside the train and close to it, intending to take the trunk and valise to the baggage room at the depot build-

ing, east of where the baggage car stood, when he struck appellee.

· The width of the platform between the train and the depot building was such as to enable the truckman to have pulled his truck from where he received the trunk and valise from the car, to the baggage room east, without going so near the side of the train. Appellee saw the truckman as he was coming toward him, but in his anxiety to get upon the train, did not notice that he was so near the side of the car.

Notwithstanding the blow he received, which staggered him somewhat, appellee got onto the train and went to Muncie, examined the coal mine there, as intended, and returned to his home upon the four o'clock train that afternoon. He was sick, however, before he arrived home, and went to bed after getting there. The next day he called a physician, who found a dark bruised spot on the right side of his chest; his right lung sounded solid when tapped; he was expectorating matter substance, and suffering considerable pain. He remained sick in bed about three weeks and the attending physician gave it as his opinion that his illness was caused by the blow he received.

Counsel for appellant insist that the court improperly sustained the demurrer to the special plea which disclosed a good defense to the jurisdiction of the Circuit Court of Vermilion County to hear and determine the cause of action sued upon in this case, by reason of appellee having before brought a suit against appellant in that court, upon the same cause of action, for $5,000 damages, which was afterward properly transferred to the United States Court for the Southern District of Illinois, and had never been remanded by the latter court, hence that court alone had jurisdiction of the cause of action.

In that view we are unable to concur, because the plea also shows that the said United States Court in said $5,000 suit, had, on the voluntary motion of appellee, entered of record an order dismissing the same at his costs, which order of dismissal had, in our opinion, completely extin-

guished all jurisdiction and power which that court had over the parties, the cause of action and the case. And while we are aware that in B. & O. R. R. Co. v. Fulton, 59 Ohio St. 575, Cox v. East Ten. V. & G. R. R. Co., 68 Ga. 446, and Hickman v. M. K. & T. Ry. Co., 97 Fed. Rep. 120, there are holdings which support the insistence of counsel for appellant upon this point, we are not satisfied with the reasons given in those cases for such holdings and do not follow them on that account.

Counsel for appellant contend that the Circuit Court improperly gave to the jury appellee's second instruction, which was to the effect that if the jury believed from the evidence that appellee was injured as charged in the declaration, by a truck (or trunk thereon) which was under the control of appellant and that appellee was exercising ordinary care for his own safety, then their verdict should be for the plaintiff (appellee) unless they further believe from a preponderance of the evidence, that at the time of said alleged injury to plaintiff, the defendant was in the exercise of the highest degree of care in handling of said truck for the safety of plaintiff; claiming that the instruction is wrong for two reasons: first, it imposes upon appellant a higher degree of care and diligence in handling the truck than the law required; and second, it placed the burden upon appellant of proving by a preponderance of the evidence that in handling the truck, the truckman was exercising the highest degree of care for the safety of appellee.

This instruction, while inartificially drawn, announced a correct rule of law for the jury to follow under the evidence in this case, for appellee had contracted with appellant to be carried from Danville to Muncie, and from the time he purchased his ticket at the depot of appellant, until he had been taken by it to Muncie, he was its passenger, and entitled to the care due from a common carrier for hire to its passengers. I. C. R. R. Co. v. Treat, 75 Ill. App. 327, and same case, 179 Ill. 576. And such passenger, when getting onto a train from the platform provided by the common carrier for that purpose, has a right, upon exercising ordi-

nary care for his own safety, to require the servants of such carrier to exercise the highest degree of care not to injure him when they are handling trucks and baggage upon the same platform during the time that such train is discharging and receiving passengers. Keokuk N. Line Packet Co. v. True, 88 Ill. 608; West Chicago St. R. R. Co. v. James, 69 Ill. App. 609; and Warren v. Fitchburg R. R. Co., 90 Mass. 227.

This instruction, in our opinion, is not open to either of the objections urged against it and was therefore properly given.

We have examined the evidence carefully and after a careful consideration thereof, are of opinion that the court properly refused to direct a verdict for appellant as requested, and that the jury were warranted by it in finding a verdict for appellee.

The damages are not excessive in view of the pain and suffering which appellee is shown to have endured as a result of the blow received.

Finding no such prejudicial errors have intervened in the proceedings of the Circuit Court in this case as claimed by appellant, and that the judgment rendered is a proper one, we will affirm it.   Affirmed.