KANSAS CITY SOUTHERN RAILWAY COMPANY v. WATSON.

Opinion delivered February 26, 1912.

1. CARRIERS—DUTY TOWARD PASSENGERS.—It is the duty of a railroad company to keep in safe condition its station platform where passengers and those who have purchased tickets will ordinarily go, and to keep same free from obstructions and dangerous instrumentalities especially at the time when passengers are expected to go to and from its cars. (Page 502.)

2. SAME—DUTY AS TO STATION PLATFORMS.—A railroad company which uses a station platform jointly with another railroad company is liable to one of its passengers for an injury received by him in consequence of

the unsafe condition of the station platform or of the negligent manner in which employees of either railroad company handled the trucks, baggage or other instrumentalities upon such platform. (Page 503.)

3. SAME—DUTY TO PERSON ON STATION PLATFORM.—A railroad company owes to a person rightfully on its platform, though not a passenger, the duty to exercise ordinary care not to injure him, and will be liable to him for injuries received by him in consequence of the negligence of its employees. (Page 504.)

4. SAME—CONTRIBUTORY NEGLIGENCE FOR JURY WHEN.—The mere fact that a passenger went from the waiting room to the station platform and there remained for a few moments talking to a friend on his way to his train where he was injured did not constitute contributory negligence as a matter of law. (Page 505.)

5. SAME—CONTRIBUTORY NEGLIGENCE IN EMERGENCY.—Where, by defendant's negligence, plaintiff was exposed to danger apparently impending, and there was more than one way to escape from such danger, the mere fact that plaintiff in the emergency chose the way that was less safe did not constitute negligence as a matter of law. (Page 505.)

6. DAMAGES—EXCESSIVENESS.—Where plaintiff, by negligence of defendants, had his leg cut to the bone, which caused him severe pain and lamed him for ten days and gave him a great deal of pain for several weeks, a judgment for $150 will not be set aside as excessive. (Page 506.)

Appeal from Little River Circuit Court;  *Jefferson T. Cowling,* Judge; affirmed.

*Read & McDonough,* for appellant, Kansas City Southern Railway Company.

1. In its instructions the court erred in its definition of a passenger. 10 Fed. Cas. 464; 55 Ala. 387. The use of the word *"protection"* was error. 55 Ala. 387; 176 Pa. St. 341; 114 U. S. 587; 6 Words & Phr. pp. 5741-2.

2. Plaintiff was *not* a passenger on the K. C. So. Ry. Co. and instruction 2 was reversible error. The K. C. owed no duty to plaintiff as a carrier. 90 Ark. 378; 94 *Id.* 15.

3. The verdict is excessive.

*Sain & Sain,* for appellant, Memphis, Dallas & Gulf Railroad Company.

1. The peremptory instruction for this appellant should have been given. This appellant owed no duty except to use ordinary care not to injure appellee. There is no proof that any act nor conduct of any employee of this company had any connection with the injury. 90 Ark. 378; 94 *Id.* 15. A carrier

is only bound to the exercise of ordinary care for the protection of persons while in and about its stations, and is bound to no higher degree of care for the protection of persons who may be lawfully there on its premises, other than in the capacity of passengers.     96 Ark. 311; 100 Ark. 433.

2.    The verdict is excessive.    Appellee lost no time, paid out no money, and was very slightly injured.

*J. S. Lake, J. C. Head, J. S. Steel,* and *James D. Head,* for appellee.

1.    If the use of the word "protection" was error, the court's attention should have been called to it.    81 Ark. 187; 83 *Id.* 61.

2.    Where connecting carriers jointly employ a common agent in prosecution of a joint enterprise as carriers, they are jointly liable for his defaults.    76 Ark. 589; 58 S. E. 913; 2 White, Personal Injuries on Railroads, § 627; 2 Hutch. Car., § 917, 938; 3 Thompson, Negl., § 2697, 2711; 140 S. W. 708; 94 Ark. 15; 88 Fed. 197.

3.    A railroad company owes no greater duty than to protect its passengers while in and about its stations, as to whom, ordinary care is sufficient.    140 S. W. 708; 94 Ark. 15; 88 Fed. 197.

4.    There was no error in the instructions.    52 Ark. 248; 57 *Id.* 306; 84 *Id.* 241.

FRAUENTHAL, J.    This is an action instituted by D. M. Watson against the Kansas City Southern Railway Company and the Memphis, Dallas & Gulf Railroad Company to recover damages for an injury which the plaintiff alleged he sustained by reason of the negligence of both defendants.    The alleged injury occurred upon the station platform at Ashdown.    At this place there was only one depot, which was owned by the Kansas City Southern Railway Company but which was used by both defendants.    At this depot the trains of both defendants stopped and took on and discharged passengers, and agents of both companies sold tickets there for their respective trains.    On the day the injury was received, plaintiff purchased a ticket at this depot from the agent of the Memphis, Dallas & Gulf Railroad Company.    It was about the time for the departure of his train, and plaintiff went from the waiting

room to the station platform in order to go to said train, which was located on the second track. At this time a local freight train of the Kansas City Southern Railway Company was standing on the first track, and freight was being unloaded therefrom. As plaintiff passed over the station platform, he stopped a few moments to talk to a friend, and, while thus engaged, a railroad employee pulled a baggage truck along the platform and suddenly dropped its tongue. The truck was going with such rapidity that it struck the plaintiff on his leg, just above the ankle, and painfully injured him. The testimony tended to prove that when plaintiff saw the truck thus turned loose, he sprang aside, upon another truck which was standing nearby on the platform, in order to escape from the impending injury, and was there struck by the truck. The testimony on the part of the defendants tended to prove that the employee who was in charge of this truck was in the service of the Kansas City Southern Railway Company. A verdict of $150 was returned in favor of plaintiff and against both defendants, and both of them have appealed from the judgment rendered thereon.

1. It is urged by counsel for the Memphis, Dallas & Gulf Railroad Company that the injury complained of was not caused by one of its employees, but by a servant who was solely in the employ of the other railroad company, and on this account it was not liable for the injury. The plaintiff had purchased a ticket from this defendant in order to immediately take passage upon one of its trains. In going to his train, he was passing over the station platform, and was there injured/ The depot and station platform were used jointly by both defendants. At this time the plaintiff was a passenger of the Memphis, Dallas & Gulf Railroad Company, and it owed to him the duty to exercise ordinary care to protect him from injury while on and passing over the station platform which it furnished for plaintiff to proceed upon to his train. *St. Louis, I. M. & S. Ry. Co.* v. *Woods*, 96 Ark. 311; Hutchinson on Carriers, § 935; 3 Thompson on Negligence, § 274. It is well settled that it is the duty of a railroad company to keep in safe condition its station platform where passengers and those who have purchased tickets with a view to take passage on its trains will ordinarily go, and for failure to exercise ordi-

nary care in that regard the company is liable for any consequent injury to one of its passenger.  *Texas & St. L. Ry. Co. v. Orr,* 46 Ark. 182; *Arkansas Midland Rd. Co.* v. *Robinson,* 96 Ark. 32.  This duty not only requires the railroad company as a carrier of passengers to exercise ordinary care to see that the station platform itself is in safe condition and free from any defect from which a consequent injury might be reasonably expected to result, but also to keep such station platform free from obstructions and dangerous instrumentalities, especially at the time when passengers are expected to go to and from its cars.  In the case of *Warren* v. *Fitchburg Railroad,* 90 Mass, 227, this duty is thus well expressed:  "It is the duty of a railroad company to afford to the passengers whom they undertake to carry in their cars a reasonable and safe opportunity to pass from the room or building in which they receive passengers for transportation to the cars.  *  *  * They should provide a safe and convenient way and manner of access to the cars, and in preventing the interposition of any obstacle or obstruction which would reasonably impede him or expose him to injury while proceeding to his car to take his seat."  In 2 White on Personal Injuries on Railroads, § 627, it is said:  "The care exacted by the law on the part of the carrier to avoid injury to its passengers include the duty to exercise reasonable care to avoid striking passengers with baggage trucks or similar vehicles used on station platforms where passengers are allowed or invited to congregate to take cars or to alight from trains."  A passenger, while passing over a station platform, which is provided by the carrier for the purpose of going to his train, has a right, while in the exercise of ordinary care for his own safety, to require the servants of the carrier, or those persons who are in service thereon by permission of such carrier, to exercise ordinary care not to injure him while handling trucks and baggage upon such platform.  In the case at bar, the station platform was used by both defendants for the purpose of enabling passengers of each railroad company to go to their respective trains.  It became the duty of both of them to keep the station platform in safe condition and free from obstructions or dangerous instrumentalities.  Neither was absolved from this duty to its passengers, and the Memphis, Dallas & Gulf Railroad Com-

pany, which occupied the relation of carrier to the plaintiff, was liable to him for an injury received by him in consequence of the unsafe condition of the station platform or of the negligent manner in which employees of either railroad company handled the trucks, baggage or other instrumentalities upon such platform. 3 Thompson on Negligence, § § 2696, 2699; 2 Hutchinson on Carriers, § 938; *Cleveland, C. C. & St. L. Ry. Co.* v. *Reese,* 93 Ill. App. 657; *Atchison, T. & S. F. Rd. Co.* v. *Johns,* 36 Kan. 769; *Pineus* v. *Railroad,* 140 N. C. 450; *Mangum* v. *North Carolina Rd. Co.,* (N. C.) 58 S. E. 913. It follows, therefore, that the Memphis, Dallas & Gulf Railroad Company was liable to the plaintiff for any injury which he received while on the station platform which was due to the negligent act of an employee of the Kansas City Southern Railway Company in handling trucks or other vehicles thereon, if the plaintiff was himself in the exercise of due care.

2. The Kansas City Southern Railway Company resists recovery herein against it on the ground that plaintiff was a passenger of the other railroad company, and, according to the undisputed testimony, not its passenger. In this connection counsel for this defendant urges that the court erred in instructing the jury that plaintiff was a passenger, in any event in so far as his relation to it was concerned. The court in substance instructed the jury that if the plaintiff purchased a ticket from the Memphis, Dallas & Gulf Railroad Company for the purpose of taking immediate passage upon its train, then he was a passenger rightfully upon the station platform and entitled to protection as such passenger, as defined in a subsequent instruction. In the subsequent instruction the court told the jury in effect that the defendants were required to exercise ordinary care to avoid injuring the plaintiff while upon the station platform, and did not require of either of the defendants the exercise of any greater degree of care. The injury which was received by the plaintiff was caused by an employee of the Kansas City Southern Railway Company. If the plaintiff was a passenger of the other railroad company, he had a right to be upon the station platform, and the Kansas City Southern Railway Company then owed to him the duty to exercise ordinary care not to injure him, whether he was its passenger or not. As is said in 3 Thompson on Negligence,

§ 2697:  "The obligation of a railway company to see that its platform is reasonably safe is not confined to passengers or to intending passengers; but it extends to all persons who may be lawfully there.  *Ark. & La. R. Co.* v. *Sain,* 90 Ark. 278; *St. Louis, I. M. & S. Ry. Co.* v. *Jackson,* 96 Ark. 469; *Denver & R. G. R. Co.* v. *Spencer,* (Col.) 51 L. R. A. 121.  The Kansas City Southern Railway Company was therefore not prejudiced by any instruction given by the court in regard to its relation to the plaintiff because the court in no instruction given required of it to exercise any higher degree of care for the protection of plaintiff than that of ordinary care.  Its liability for damages for the injury received by plaintiff was based, not upon the fact that plaintiff was or was not a passenger, but upon the fact that it failed to exercise ordinary care in protecting him while rightfully upon its station platform.  If it failed to exercise that degree of care, then it was guilty of negligence. The injury was received by plaintiff by reason of the act of its employee, and, that employee having failed to exercise ordinary care, the act was one of negligence, making the Kansas City Southern Railway Company liable.

It is urged by both defendants that plaintiff was guilty of negligence contributing to his injury, and for that reason was not entitled to recover.  The court instructed the jury that plaintiff could recover only in event he exercised due care for his own safety, and under the facts of this case we think it was a question peculiarly for the jury to decide as to whether or not he was guilty of contributory negligence.  The mere fact that the plaintiff went from the waiting room on to the station platform and there remained for a few moments talking to a friend on his way to his train did not constitute negligence as a matter of law upon his part.  *Chicago & A. Rd. Co.* v. *Wooldridge,* 32 Ill. App. 237.  Nor did the act of plaintiff in jumping on to the truck nearby to escape the danger which appeared impending constitute negligence as a matter of law upon his part.  The mere fact that there was more than one way to escape from the apparently impending peril, and that plaintiff in the emergency chose the one which was less safe, would not characterize his act as one of negligence as a matter of law. *Railway Co.* v. *Murray,* 55 Ark. 248; *Railway Co.* v. *Maddry,* 57 Ark. 306; *St. Louis, I. M. & S. Ry. Co.* v. *Stamps,* 84 Ark. 241.

Under the facts and circumstances adduced in evidence upon the trial of this case, we are of the opinion that the question as to whether or not the plaintiff was guilty of any negligence which contributed to his injury was one for the jury to determine.

It is urged that the amount of the verdict returned by the jury is excessive. The plaintiff was injured on his leg just above the ankle. He was struck by the truck, which cut a gash to the bone. It caused the plaintiff severe pain, and, while he was able to continue his work, it lamed him for at least ten days, and gave him a great deal of pain for several weeks. Three weeks after the injury was received, a physician examined the wound, and found that the outer bone had a knot on it, and that this portion of his leg was swollen and discolored, and that he still suffered pain therefrom. For the pain and suffering thus endured by him and the lameness which was thus caused by the injury, we can not say that the amount of the verdict returned by the jury was excessive.

Upon an examination of the whole record, we find no prejudicial error which was committed in the trial of the case. The judgment is accordingly affirmed.