JOHN T. PARSONS *vs.* HECLA IRON WORKS.

Suffolk.     March 14, 1904. — June 23, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence, Res ipsa loquitur,* Injuries to employee of another from fall of staging.

In an action by an employee of a corporation engaged in putting elevator cars into certain elevator wells against another corporation engaged at the same time in putting iron panels on the outside of the wells, for injuries caused by a temporary staging constructed by the servants of the defendant falling on the plaintiff as he stepped out of one of the elevator wells in the course of his work while the servants of the defendant were engaged in shifting the staging from one place to another, it appeared, that the fall of the staging was caused by a certain upright having been moved out and certain braces knocked away, but it did not appear whether this was done by the plaintiff or a fellow workman of the plaintiff employed by the same corporation or whether it was done by the servants of the defendant or by some third person. Everybody concerned denied having done it. *Held,* that, the cause of the fall of the staging having been shown, the doctrine of *res ipsa loquitur* did not apply ; *also,* that it was right to instruct the jury that the defendant was bound to exercise due care in shifting the staging, including the discovery of its condition ; *also,* that it was right to instruct the jury, that if they found that the upright was moved out and the braces knocked away by the plaintiff's fellow servant they must be satisfied, in order to find the defendant liable, that the defendant's employees would have learned the condition of the upright if they had exercised due care and also that they were negligent in handling the staging as they did knowing that the braces were gone.

TORT by an employee of the Whittier Machine Company for injuries from the falling upon him of a staging used by the

employees of the Hecla Iron Works through the alleged negligence of the servants of that corporation. Writ dated April 17, 1900.

In the Superior Court the case was tried before *Fessenden,* J., who ruled as stated in the opinion. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. Brown,* (*J. W. Converse* with him,) for the plaintiff.

*W. I. Badger,* (*W. H. Hitchcock* with him,) for the defendant.

LORING, J. This is an action to recover compensation for injuries caused by a staging falling on the plaintiff. The plaintiff was employed by the Whittier Machine Company, and the staging was erected by the defendant the Hecla Iron Works. Both the Whittier Machine Company and the Hecla Iron Works were at work in the construction of a building which was in process of erection, the Whittier Machine Company putting elevator cars in three elevator wells and the defendant iron works (among other work) putting iron panels on the outside of the same three elevator wells.

To enable their men to put on the face of the elevator wells the plates near the ceiling of the story in question, the defendant erected a staging consisting of planks laid loose on three horses and extending across well No. 1 and well No. 2, the third horse being just beyond the division between well No. 2 and well No. 3.

The plaintiff introduced evidence that on the morning of February 23 he and one Martin (also employed by the Whittier Company) were at work putting in the car in well No. 3; that in the course of this work they had occasion to go in and out of the well; that just as the plaintiff stepped out or just after he had stepped out of the well in the course of his work, this staging fell on him without warning; that there was a man and a box of tools on the staging at the time when it fell, and that the third horse, which was opposite to well No. 3, was about a foot away from the face of the elevator on that morning, that is to say, this horse was at right angles to the face of the well and the end of the horse next the face of the well was a foot away from the face of it; and also that the accident happened about two hours after the plaintiff went to work that morning.

It is stated in the bill of exceptions that the staging was ad-

mitted to have been entirely firm when it was originally put up, and that it was constructed as follows: Each horse consisted of two uprights and two cross pieces, the cross pieces being nailed across from upright to upright, at the top and bottom. Each upright was made firm " by braces running from the top of the horses at an angle to the ground. Where the braces touched the floor they were secured by cleats nailed to the floor and by nails. Upon the top of these horses there were placed rough spruce planks eight to ten inches wide and twelve to fourteen feet in length. These planks were not nailed to the horses."

Martin testified on cross-examination that he did not move back the upright opposite to well No. 2, where he and the plaintiff were working on February 21, the last day on which he and the plaintiff worked before the day of the accident, the intervening day, February 22, being a holiday.

The defendant introduced evidence that the first section of the staging, which, up to the morning of February 23, had been in front of elevator well No. 1, was being shifted over in front of well No. 3, by two of the defendant's employees, Young and Carpenter. For that purpose Young got on to the second section of the staging and Carpenter was engaged in pushing the planks, which rested on the first two horses and made the first section, on to the second and third horses. He had pushed two of the planks on to the second section and was pushing the third over when the two uprights making the second section fell and caused the injury here complained of. That the reason for the uprights falling over was that " the braces " had been " knocked off " the " staging," and the upright opposite the second elevator well, which was originally built close up to the face of the well, had been moved out by some one other than the defendant's employees. That warning was given by Young, who called to look out when he went on the staging to assist in making the shift.

1. The first ruling requested was this: " If the defendant's staging fell, in the absence of an explanation of the fall, such fall is *prima facie* evidence of the negligence on the part of the defendant, and the plaintiff is not obliged to point out the particular cause of the fall of the staging in order to prove the defendant's negligence." This was rightly refused. The cause of

the fall of the staging was shown by the defendant and does not seem to have been in dispute. Under these circumstances the rule of *res ipsa loquitur* is not applicable. See in this connection *Gibson* v. *International Trust Co.* 177 Mass. 100 ; *Buckland* . v. *New York, New Haven, & Hartford Railroad*, 181 Mass. 3.

2. The second ruling requested was : " The defendant was negligent if there was any weakness or defect in the staging in question in this case which could have been discovered by careful inspection." .The jury were told that the defendant was bound to exercise due care in shifting the staging, including the discovery of its condition by reason of its having been moved back from where it was originally placed. That was a more accurate statement of the defendant's liability than the statement contained in this ruling.

3. The third ruling requested was : " If some third person had removed the braces of the staging in question and weakened it, such act does not relieve the defendant's responsibility if such weakening could have been discovered by a careful inspection." The plaintiff complains of the following portion of the charge on this point : " Now there is another matter where the parties are at issue. The plaintiff says he did not move it. The defendant says it did not move it, and the defendant says there is no evidence in the case to show that it did move it and no evidence from any one, any witness, who saw the defendant or any of its workmen move it. The plaintiff says he did not move the staging and the defendant says that either he or Martin did move the staging. The plaintiff says he did not, the defendant says it did not, and that there was a motive for the plaintiff to move it because they could get at their work and do their work more easily, more handily, if it was moved. There are the suggestions. What difference does it make whether the plaintiff moved it or not? The difference is this, if the plaintiff moved the staging, if the plaintiff was engaged with Martin in moving the staging, or if Martin moved the staging, then the defendant says that that was not its carelessness, that it did not bring about the injury ; that if the plaintiff moved it he brought the trouble upon himself, or that if Martin did it he brought the trouble upon the plaintiff, and that it was not the defendant's doing.

" The plaintiff says he did not move it, but even if he did,

even if Martin did, still the defendant ought not to have used it, and that it was in consequence of the use of it when it was in its dangerous condition, as the plaintiff claims, that this injury was brought about. In other words, the plaintiff says that it was careless in the defendant to use it after he or Martin moved it. But the defendant says in reply to that, you ought not to find it was careless — it being a question of fact and not of law — you ought not to find it was careless for it to use the staging which the plaintiff had moved and Martin had moved; that the one who was responsible for this, if any one, was the one who moved the staging; and the defendant says it is a violent misconstruction of the facts to say that you ought to hold the defendant careless and the plaintiff free from carelessness under such circumstances. These matters are left for your consideration."

But this cannot be taken to have been the whole of the charge on this point. The presiding judge had previously told the jury that the only thing complained of by the plaintiff was the defendant's use of the staging, and to hold it liable the plaintiff must prove that it had not exercised reasonable care in the use of the staging and that the accident was caused by its failure to exercise reasonable care in the use of it. " The plaintiff says that it [the staging] was not used properly, that reasonable care was not exercised with reference to the use of it; that a change was made and in the course of that change the defendant was not reasonably careful, and that the staging collapsed and some planks fell and struck the plaintiff and he was injured and that the defendant was not careful about it. It is suggested that that staging was moved away, a portion of it, from the elevator well and that it was not in fit condition to be used, and that the defendant, if it had used proper care with reference to that ought to have discovered it either by inspection or oversight. Did the defendant fail to use reasonable care with reference to it? What was the situation? You can understand that if the defendant had moved the staging back, as the plaintiff argues, itself, and had proceeded to use it moved it away from the well and proceeded to use it, gave no warning to others who were at work about there, having reasonable cause, if that was the case, to know that the use of it would be likely to be

attended with danger, you can see, gentlemen, the force of the argument that that would not be reasonable care. It will be for you to determine. The plaintiff says that that was the fact. Whether the defendant moved it back or not, the plaintiff goes further and says if some outsider moved it back, still the defendant ought to have exercised care with reference to that staging to see that it was reasonably safe, considering all the uses to which it was to be put." ·

We are of opinion that the part of the charge complained of, taken in connection with what had been told them before as to the necessity of proving that the defendant was lacking in the exercise of due care, must have been understood by the jury to mean that, in case they found that the upright was moved out and the braces knocked away by Martin, they must be satisfied, in order to find the defendant liable, that the defendant's employees would have learned of the condition of the upright, if they had exercised due care, and were negligent in handling the staging as they did, knowing that the braces were gone-; and that to render the defendant liable in this contingency both these propositions must be made out.

*Exceptions overruled.*