GEORGE L. CHAPIN & others *vs.* INHABITANTS OF LINCOLN
& another.

Middlesex. January 27, 1914. — March 31, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Municipal Corporations,* Issue of bonds. *Lincoln.*

After a town has expended, in extending its waterworks system, money raised by taxation and appropriated for that purpose by votes of preceding annual meetings which did not express any intention of the town to provide funds for the proposed extension by borrowing money in accordance with special acts giving it power to do so, it cannot authorize by vote an issue of bonds to provide funds to "reimburse the treasury on account of" the money so expended.

Under existing legislation applicable to the town of Lincoln, one of its departments cannot occupy the relation of debtor to the town of which it is an integral part.

DE COURCY, J. This is a petition brought under R. L. c. 25, § 100, by not less than ten taxpayers to restrain the town of Lincoln and its treasurer from issuing certain water bonds. It is before us on the report of the single justice* who heard the case.

The tenth article of the warrant for the town meeting held by adjournment on March 8, 1913, was as follows: "To see if the town will issue water bonds pursuant to the Acts of 1907, Chapter 476, and reimburse the treasury on account of money paid from the treasury pending an issue of bonds on account of payments for water construction purposes; also, issue bonds, as aforesaid on account of payments for water construction purposes, which have been made from current income of the waterworks or take any other action with reference to the matter." Under this article it was voted, by at least two thirds of those present and voting: "That the town treasurer be authorized and directed to issue the bonds of the town for the sum of six thousand dollars, each bond to be for five hundred dollars, to bear interest at a rate not exceeding 4 per cent per annum, to be dated June 1st, 1913, and to be payable one on the first of June in each of the

---

* *Braley,* J., who, in reporting the case to this court for determination, stated the facts found by him and his opinion that an injunction should issue as prayed for.

next twelve years; for the purpose of paying the expense of extensions of the water system of the town. Said bonds to be signed by the treasurer and countersigned by the selectmen and to be denominated Lincoln Water Bonds."

The single justice has made a finding that the purpose of issuing bonds under this vote was to reimburse the town for sums that had been appropriated in earlier years for three extensions of the waterworks of the town; one of the extensions having been made under an article of the annual meeting of March, 1911, and the other two under articles of the annual meeting of March, 1912. And he has expressly found that all of these extensions "had been made and paid for before the vote of March 8, 1913, from money raised by taxation."

In neither of these three instances did the town express any intention to provide funds for the proposed municipal improvement by borrowing money under its water acts, Sts. 1872, c. 188; 1907, c. 476. It did not even undertake to vote that the money in the town treasury should be used temporarily for water purposes "pending an issue of bonds," as it appears to have done on some other occasions. In fact in the second and most important case, when it appropriated $4,267, specific provision was made for the payment of this sum without an issue of bonds, namely, by using the special waterworks sinking fund and the receipts from the waterworks.

There is no indebtedness incurred or contemplated by the town to warrant the proposed loan. There is no unfunded debt on account of the extensions referred to. It does not follow that because the town might have borrowed the money for these extensions at the time they were voted, that it can do so now after they are paid for. See St. 1913, c. 719, as amended by St. 1914, c. 143.

It appears that since March, 1904, the town treasurer has kept an account of the money received from and paid on account of the water system, separate from the accounts of the other departments; and apparently some attempt has been made to treat the waterworks as a self sustaining business enterprise. In accordance with this course of procedure, it is sought to regard this money that was expended for construction purposes on the waterworks as a liability of the water department to the town. With the wisdom

of such a business policy we are not concerned. As matter of law the defendant is a single municipal entity, and the rights exercised and the duties performed by its several departments are those conferred or imposed upon the town itself. The municipality owns the water system, and the disbursements it made for construction purposes were actually payments of its own indebtedness. Under existing legislation applicable to the defendant, one of the departments cannot occupy the relation of debtor to the town of which it is an integral part. See *Sinclair* v. *Mayor of Fall River*, 198 Mass. 248.

We are in accord with the opinion of the single justice, that an injunction should issue as prayed for, restraining the respondents from issuing bonds under the vote passed March 8, 1913.

*Ordered accordingly.*

*A. J. Doherty*, for the respondents.
*E. I. Smith*, for the petitioners.