## MIDLAND VALLEY R. CO. v. CONNER.

(Circuit Court of Appeals, Eighth Circuit. October 26, 1914.)

No. 4063.

1. CARRIERS (§ 316*)—INJURIES TO PASSENGERS—NEGLIGENCE—RES IPSA LOQUITUR.

The happening of an accident to a passenger is prima facie evidence of negligence on the part of the carrier, and, the passenger being in the exercise of due care, the burden rests on the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. § 316.*]

2. CARRIERS (§ 321*)—INJURIES TO PASSENGERS—PLEADING AND PROOF—RES IPSA LOQUITUR—BURDEN OF PROOF.

Where, in an action for death of a passenger, plaintiff pleaded specific acts of negligence on the part of the carrier, but no allegation of general negligence, an instruction submitting the doctrine of res ipsa loquitur, and charging that such doctrine raised a presumption of negligence on the part of the carrier, and also shifted the burden of proof to the carrier to show that its whole duty was performed, etc., was error.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*

Burden of proof of negligence where passengers have been injured, see note to Southern Ry. Co. v. Myers, 32 C. C. A. 23.]

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by Jennie C. Conner against the Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Edgar A. de Meules, of Muskogee, Okl. (Sol. H. Kauffman, of Muskogee, Okl., on the brief), for plaintiff in error.

Horace Speed, of Tulsa, Okl., and W. G. Robertson, of Muskogee, Okl. (Lewis A. Kean, of Muskogee, Okl., on the brief), for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SMITH, Circuit Judge. The Midland Valley Railroad Company, hereafter called the defendant, operates a railroad from Tulsa, Okl., northwest through Osage county, in that state, to Silverdale, in Kansas. At Nelagoney this road crosses a line of the Missouri, Kansas

& Texas, which extends through the county from northeast to south-west. At Nelagoney the defendant's railroad extends approximately east and west across the Missouri, Kansas & Texas. Immediately southeast of the crossing is a joint depot of the two companies. Jennie C. Conner, hereafter called the plaintiff, is the widow of Joseph F. Conner. On June 19, 1911, Joseph F. Conner came southwest on the Missouri, Kansas & Texas to Nelagoney. After staying there to a noon meal, he bought a ticket on the defendant's railroad to Paw-huska, the first station to the northwest. The freight train on which he expected to go was then in the yard. The ticket agent of whom he bought his ticket told him that he would have to go down in the yard and get on the train; "it wouldn't stop here," meaning at the depot. He went down in the yard, and attempted to get on the ca-boose, and in doing so was killed. There is a serious conflict in the evidence as to whether the train was standing still when Mr. Conner attempted to enter it or was in slow motion. There was a verdict for the plaintiff, and the defendant sued out this writ of error.

[1] The petition contains five specific allegations of negligence, but no allegations of general negligence. The court instructed the jury as follows:

"The plaintiff complains that the death of her husband was due to de-fendant's negligence in several particulars, but the only ground which you will consider is in substance that while the deceased was a passenger of the railroad company, and attempting at its invitation to board the caboose of this freight train, the defendant, through its agents and employés in charge of the train, negligently and without notice to him moved the train suddenly and quickly, whereby he was thrown down and dragged under it and came to his death.

⁂    *    *    *    *    *    *    *    *    *

"In this case, it is incumbent on the plaintiff to show by a fair preponder-ance of the credible evidence that the railroad company was negligent to-ward the deceased while in the exercise of his right as a passenger in start-ing and moving the train. Under the law, however, when it is shown by the evidence that a passenger is injured while the duty for taking care for his safety rests upon a railroad company and he is injured by the operation of its train, then the presumption is that the injury was due to its negligence, and this shifts the burden of proof upon the company to show that the injury was not due to its negligence.

⁂    *    *    *    *    *    *    *    *    *

"The burden of proof rests upon the plaintiff to show that the accident was due to the alleged train operation by the defendant; but, if this is shown, then the law presumes the accident was due to the negligence of the railroad company; that is, a prima facie case of negligence is made out against the company, devolving upon it the burden of showing that the accident was not due to its negligence."

The defendant having objected to the last paragraph, the court said:

"In view of the exception, the court will restate the burden here, so that it will be clearly understood. The burden of proof is on the plaintiff to show by a preponderance of the evidence that Mr. Conner had this invitation to go upon the caboose at the time and place in question, and that he was injured at the time, and that he came to his death at the time, while he was accepting the invitation to go on board of the train, and that his death was due to the operation of the train, as alleged in the petition. The law holds that where, under such circumstances, a passenger is injured by the instrumentality of the railroad company, and that in this case would be the train operation, then the presumption arises that the injury or fatality was due to the negligence

of the company in its train operation, so that the burden then shifts over to the defendant company to show by a preponderance of the evidence that the train operation was not negligent."

It has been laid down by the Supreme Court in Gleeson v. Virginia Midland Railroad Co., 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458, that:

"Since the decisions in Stokes v. Saltonstall, 13 Pet. 181 [10 L. Ed. 115], and Railroad Co. v. Pollard, 22 Wall. 341 [22 L. Ed. 877], it has been settled law in this court that the happening of an injurious accident is in passenger cases prima facie evidence of negligence on the part of the carrier, and that (the passenger being himself in the exercise of due care) the burden then rests upon the carrier to show, that its whole duty was performed and that the injury was unavoidable by human foresight. The rule announced in those cases has received general acceptance, and was followed at the present term in Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551 [11 Sup. Ct. 653, 35 L. Ed. 270]."

The court was doubtless attempting to embody the maxim, "Res ipsa loquitur." It is a matter of grave doubt as to whether this rule has any application to this case. It has been many times held that where the plaintiff alleges specific acts of negligence, instead of general negligence, it has no application whatever. McGrath v. St. Louis Transit Co., 197 Mo. 97, 94 S. W. 872; Roscoe v. Metropolitan St. Ry. Co., 202 Mo. 576, 101 S. W. 32; Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Evans v. Wabash R. Co., 222 Mo. 435, 121 S. W. 36, and numerous other cases in the Supreme Court and Court of Appeals of Missouri; West Chicago St. Ry. Co. v. Martin, 154 Ill. 523, 39 N. E. 140; Chicago Union Traction Co. v. Leonard, 126 Ill. App. 189; Lone Star Brewing Co. v. Willie, 52 Tex. Civ. App. 550, 114 S. W. 186; Roberts v. Sierra Railway Co., 14 Cal. App. 180, 111 Pac. 519; Moore on Carriers (2d Ed.) 1482, 1485. But this is not the universally accepted rule. Walters v. Seattle R. & S. R. Co., 48 Wash. 233, 93 Pac. 419, and the extensive note thereto in 24 L. R. A. (N. S.) 788.

"Res ipsa loquitur" means "the thing speaks for itself." The question is, What does it say? Does it say that from the accident it is presumed that the company has been negligent in every possible way, or does it say that the presumption is that in some way the company has been negligent? Of course, if the first is what it says, that is, the company has been negligent in every conceivable way, then the presumption is that it was negligent in the very way specifically alleged; but if the second is true, if the presumption is that in some way the company has been negligent, then there is no presumption of negligence in any particular way specified, and this is true although, where the presumption exists, the company must show that it was not negligent in any way. The rule that the evidence must correspond with the allegations is as old as the common law, and if the presumption is simply of some negligence that caused the injury, and not a negligence in all things, one who specifies the negligence can find nothing in the presumption to sustain the allegation.

[2] But the court not only instructed the jury that this presumption existed, but that it shifted the burden of proof. This was in direct

conflict with the opinion of the Supreme Court of the United States in Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, which was not published officially at the time of the trial of this case in the District Court.

It follows that this case must be reversed, and other points argued will not be considered, as the question presented may not arise upon another trial.

It is ordered that the case be reversed and remanded, with directions to set aside the verdict and grant a new trial.