## SOUTHERN RY. CO. v. DERR.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1917.)

No. 2836.

1. NEGLIGENCE ⊙—121(2)—ACTIONS—BURDEN OF PROOF.
   Negligence cannot be inferred merely from the fact of disaster; the burden being on plaintiff to establish by proof that negligence did exist.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 218, 225, 271.]

2. MASTER AND SERVANT ⊙—286(24)—INJURIES TO SERVANT—ACTION—JURY QUESTION.
   In an action for injuries received by a servant on the falling of a boiler when a railroad rail used as a skid broke, the question whether there should have been a careful inspection or test of the rail before using is for the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1029.]

3. NEGLIGENCE ⊙—136(5)—JURY QUESTION—EVIDENCE.
   A case may not be submitted to the jury, where there is at most only a balanced probability that actionable negligence existed.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 282–284.]

4. MASTER AND SERVANT ⊙—286(18)—INJURIES TO SERVANT—ACTIONS—EVIDENCE—SUFFICIENCY.
   In a personal injury action by the servant of a railroad company, hurt when a rail which he and others were using as a skid to transfer a boiler from one car to another broke, evidence of the company's negligence *held* insufficient to go to the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1025.]

5. MASTER AND SERVANT ⊙—265(6)—INJURIES TO SERVANT—PRESUMPTIONS—RES IPSA LOQUITUR.
   The rule that the doctrine of res ipsa loquitur does not apply to actions by servants has no application to an action under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]), which abolished the fellow-servant rule.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 898, 955.]

6. MASTER AND SERVANT ⊙—265(6)—INJURIES TO SERVANT—RES IPSA LOQUITUR.
   As a master is bound only to exercise reasonable care for his servants' safety, the doctrine of res ipsa loquitur, while applying to actions under the federal Employers' Liability Act, cannot be carried to the extent that it is carried in a passenger's action against a carrier; and whether it can aid a servant depends upon the facts of the particular case, and hence will not, in an action by a servant for injuries received by the breaking of a railroad rail which was used as a skid, warrant a finding of the master's negligence, the accident not speaking for itself.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 898, 955.]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action by William Derr against the Southern Railway Company.

---

Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Caruthers Ewing, of Memphis, Tenn., for plaintiff in error.
Jere Horne, of Memphis, Tenn., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and SESSIONS, District Judge.

DENISON, Circuit Judge. In an action brought by Derr, in the court below, against the railway company, it appeared that Derr was employed by it to assist in transferring, from one car to another, a steam boiler which was being transported in interstate commerce. Jurisdiction rested upon the federal Employers' Liability Act. The two cars were set alongside each other, upon slightly diverging tracks, so that the cars were 3 feet apart at one end and 8 feet apart at the other. The defendant's foreman directed Derr and other laborers to take two pieces of ordinary 56-pound rail, which lay in a pile of used rails in the yard, and place them, as skids, upon the two cars, so as to slide the boiler across upon them. When the boiler was about midway, the rail with the longer span broke and Derr received the injury for which he sought to recover. Against defendant's objection that there was no evidence tending to show negligence, the court submitted that issue to the jury, which found for Derr; and whether this ruling is correct is the only issue to be considered.

The bill of exceptions contains all the evidence; and the case is remarkably barren of the proof usual in such cases. The distance spanned by each rail does not appear. No witnesses competent to speak expressed an opinion that such a rail was too small to carry this boiler, nor that it was in any degree likely to become unfit for that purpose because it had been used, nor that the presence of a section of such a rail in a pile in a yard indicated that it was likely to have been used to such an extent as to affect in the least its ability to resist a breaking strain. One piece of the rail, displaying the break itself as exhibited looking in one direction, was put in evidence and is a part of the bill of exceptions. The question, therefore, was whether, from the fact that the rail broke, from the fact that it was a used rail, selected without very careful inspection, from looking at the broken end, and with the aid of only common knowledge as to what inferences might be drawn from these facts, the jury was authorized to find that there was negligence.

[1-4] That negligence cannot be inferred merely from the fact of disaster is too firmly established as a general rule to call for citation of authority, beyond a reference to Patton v. Railway, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361. The burden is on the plaintiff to establish, by proof, that negligence did exist. Whether any exception exists which justifies applying to this case the rule res ipsa loquitur, or any analogous principle, will be hereafter discussed. There was no oral evidence as to whether this rail had been used much or little. Such wear as appears upon the tread conveys to the ordinary man no safe indication as to the extent of use. It is a matter of common

knowledge that rails which have been used in one place are transferred and used in other places with safety for years, and that a 56-pound rail will carry a great weight. Track use of a rail may tend to cause crystallization or develop latent defects, so that it will be more unsafe than a new rail to use as a skid; or track use may demonstrate its soundness and freedom from latent defects, and so make it more suitable for this use than a new rail would be. Aided by proper testimony, a jury could judge which of these theories should be rightly applied in a particular case; without such testimony, it can only guess. So of inspection of such a rail to be used for such purposes. The standard of reasonable care may require that such a rail, before being devoted to such a use, should be looked at carefully, foot by foot, on all sides, or should be sounded, foot by foot, or otherwise tested; but we cannot think a jury may, without any evidence, infer the duty to make some such test from the mere fact that the rail has been used upon the track. Perhaps men of experience might draw that inference; the ordinary man cannot safely do so.

Unless a rail of this size was too small for this use, or unless a rail might be unfit merely because it had been used, then there was no negligence, unless the defect which caused the rail to break was of a character which should have been discovered by such inspection as should have been made. It was for the jury to say, depending upon the character which is attributed to this rail, whether there should have been a careful and detailed inspection or test, or whether such superficial observation as the foreman actually gave was enough to satisfy the existing obligation. In either event, the next question for the jury would be whether the inspection so found to be due would have discovered the defect. The break itself as shown on the rail, gives no help in answering these questions. Its peculiarities may or may not indicate that the defect could have been seen or ascertained by inspection or test; to a man of only ordinary knowledge, they indicate nothing upon these subjects. Without the aid of testimony, this, also, must be guesswork; and a case may not be submitted to the jury where there is, at the most, only a balanced probability that the actionable negligence existed. Richards v. Mulford Co. (C. C. A. 6) 236 Fed. 677, —— C. C. A. —— and cases cited.

It is not improbable that plaintiff may be able to produce evidence upon some or all of these theories of negligence sufficient to take them to the jury; but we think the facts themselves do not make a prima facie case, nor authorize the necessary inference.

[5, 6] We come now to the rule of res ipsa loquitur. It has long been established that, in actions by passengers against carriers, the occurrence of an injury (in the usual surroundings) made a prima facie case of negligence; while in actions by employés against carriers the rule was otherwise. Inasmuch as the fact that many accidents are caused by the negligence of a fellow servant, thus preventing the accrual of a right of action to the injured employé, was one of the reasons for holding that the maxim res ipsa loquitur was not applicable to an action by an employé, and inasmuch as this situation has now been changed by statute in actions under the federal Employés' Lia-

bility Act, there is strong ground for saying that the old decisions, to the effect that the maxim can have no application in an employé's action, are not here to be observed. We are quite content to assume the correctness of this position; but, when we concede that the maxim may apply to such an action, it by no means follows that it does apply to the same extent and with the same force as in a passenger action. The distinction is obvious. Passenger actions involve a duty to exercise a very high degree of care, amounting almost to insurance, and the instances where the accident does not depend upon some negligence of the railroad or of some employé are so rare that a general rule may well rest upon the general fact. In an employé's action, the defendant's obligation is only to use ordinary or due care to provide a safe place to work or proper instrumentalities and methods, and it must be admitted that an unknown, but considerable, fraction of the injuries to employés are either true accidents or assumptions of risk, or are proximately caused only by plaintiff's carelessness; hence there is, in truth, no such common and dominant probability of negligence as in the passenger cases. We think we give the plaintiff in an employé's case all the benefit of the maxim to which he is entitled when we say that it may apply to aid him; but whether the event does speak, and what it says, depend upon the facts of the particular case.

The maxim and its reasons and the extent of its application were very fully discussed by Judge (later Mr. Justice) Lurton, speaking for this court in Cincinnati Co. v. South Fork Co., 139 Fed. 528, 532, 71 C. C. A. 316, 1 L. R. A. (N. S.) 533. That discussion remains entirely satisfactory and unaffected, so far as we know, by any later authoritative decisions.[1]  Judge Lurton said (139 Fed. 533, 71 C. C. A. 316, 1 L. R. A. [N. S.] 533):

"Manifestly a presumption of negligence does not arise upon mere evidence of an injury sustained. The inference logically as well as legally deducible is necessarily dependent upon the nature of the accident, the surrounding circumstances which characterize it, and the relation of the parties. * * * Many accidents do not speak for themselves. The maxim 'res ipsa loquitur' does not, therefore, apply when the circumstances in evidence are of doubtful solution. * * * In other words, the presumption is one which arises, not from the mere naked fact of an injury, but from the circumstances which characterize the injury. * * * In each action for a tortious injury the question as to what evidence will make a prima facie case of negligence and require an explanation from the defendant will depend upon the nature and circumstances of the injury and the measure of care due from the defendant."

Applying these principles to this case, and in the manner and for the reasons above stated, we think the plaintiff's proof failed to show a satisfactory, tangible, and substantial basis upon which the conclusion of negligence could be so supported that it would be an inference and not a guess. We have the less hesitancy in reaching this result, because it seems clear that, upon a new trial, the parties will be able

---

[1] See, also, Sweeney v. Erving, 228 U. S. 233, 239, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; Lee Line Steamers v. Robinson (C. C. A. 6) 218 Fed. 559, 563, 134 C. C. A. 287, L. R. A. 1916C, 358.

to show facts and practices and trustworthy opinions which do not appear upon the present record and which will clarify the issue and make it capable of deliberate and intelligent consideration.

The judgment is reversed, and the case remanded for a new trial.