### WHITE v. CHICAGO G. W. R. CO.

(Circuit Court of Appeals, Eighth Circuit. October 15, 1917.)

No. 4835.

1. RAILROADS ☞359(1)—ACTION FOR INJURY TO PERSON NEAR TRACK—DEFENSES—TRESPASSER.

It is no defense to an action against a railroad company for a personal injury that plaintiff was a technical trespasser upon the property of a third party.

2. NEGLIGENCE ☞121(2)—PROOF OF NEGLIGENCE—DOCTRINE OF RES IPSA LOQUITUR.

Where the plaintiff in an action for negligence sets out specifically in what the negligence of defendant consisted, the doctrine of res ipsa loquitur has no application.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Action at law by W. O. White against the Chicago Great Western Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

C. O. Holly and John McLennan, both of Des Moines, Iowa, for plaintiff in error.

Fred. P. Carr, George H. Carr, and Donald Evans, all of Des Moines, Iowa, for defendant in error.

Before HOOK, SMITH, and STONE, Circuit Judges.

SMITH, Circuit Judge. [1] The Des Moines Union Railway Company is a terminal and railroad company at Des Moines, Iowa. It has

two main lines extending east and west near the center of the tier of blocks lying south of Cherry street crossing Eighth street. South of these tracks it has a switch which at its west end leaves the main tracks and extends east to the west line of Eighth street. Eighth street extends north and south across the two main line tracks referred to and east of the end of the switch mentioned. Eighth street is, and was at all times here material, curbed, and paved in the driveway, and had sidewalks and parkings along the sides. East and beyond the end of the switch referred to and of the west sidewalks on such street, and standing partly on the parking and partly on the paving, was a flagman's shanty used by an agent of the Des Moines Union for shelter while he was engaged in flagging trains passing over the two main tracks referred to and in warning the public who were about to use the highway crossing of approaching trains. It appears from the testimony that the Des Moines Union had granted a long-time lease of the switch in question to the defendant, the Chicago Great Western Railroad Company, for use as a wagon track. Prior to the happening of any of the matters here complained of the defendant had the care and control of the switch track. As the switch track did not cross or encroach upon Eighth street, it is quite clear that the flagman had no duty whatever with reference to that track.

The defendant had, in common with various other railroad companies, the right to use the two main tracks in question for its passenger trains. The Des Moines Union was engaged in operating, caring for, and controlling the two passenger tracks, while the defendant under its lease was operating, caring for, and controlling the switch. The plaintiff was employed as a night watchman at a building on Eighth street, which he alleged was the Jaeger Manufacturing Company's. The Jaeger Manufacturing Company was engaged in business on the southeast corner of Eighth street and the alley running east and west through the center of the tier of blocks in question and directly across Eighth street from the shanty referred to. On the evening of April 19, 1914, he was invited by the flagman at the crossing in question, who was in the employ of the Des Moines Union, which erected the shanty, to step into it for a social visit. While he was thus in the shanty, the defendant shunted some freight cars east on the switch in question, and they passed beyond the end of the switch across the sidewalk and the parking, struck the shanty, and inflicted injuries upon the plaintiff's person.

This suit was brought to recover for those personal injuries. The case was tried to a jury, and the court directed a verdict for the defendant, the Chicago Great Western Railroad Company, and to a judgment rendered on a verdict so returned the original plaintiff sued out this writ of error.

The instruction was based upon the theory that the defendant while in the shanty was a trespasser and the company owed him no duty. The evidence shows that the accident took place in a public highway, but it does not appear just what the title of the public was to the highway. In Iowa, in addition to the forms in which such title can ordinarily be acquired, the execution, acknowledging, and recording of

a plat of land in a city is equivalent to a deed in fee simple of all lands set apart for streets. Section 917, Code of 1897. Whether the public had a perpetual right of use of the street, or a title in fee simple, is, however, not very material.

So far as the main lines were concerned, the Des Moines Union had a right to lay them across the street without the consent of the city or of any property owner. Gates v. C., St. P. & K. C. Ry. Co., 82 Iowa, 518, 48 N. W. 1040; Morgan v. Des Moines Union Ry. Co., 113 Iowa, 561, 85 N. W. 902. As the Des Moines Union did not own, so far as shown by the record, the property across the street from the end of the switch in question, it is gravely doubtful if it could have extended the switch across the street without the consent or compensation of the owner of the Jaeger Manufacturing Company property. In any event it never attempted to exercise any such right. There is nothing in the evidence as to what, if any, right the Des Moines Union had to erect the flagman's shanty in question in a public street. The evidence does not show that it had been maintained in such a way or for such a time as to acquire the right by the statute of limitations.

We are inclined to the opinion that the city had a right to require the Des Moines Union to maintain a flagman at the crossing for the purposes for which he was there maintained, and to authorize the maintenance of the shanty for his protection from the weather, so long as it was so limited in its size and location as not to materially interfere with the use of the street. Barney v. Keokuk, 94 U. S. 324, 24 L. Ed. 224; Id., 4 Dill. 593, 2 Fed. Cas. 898, 28 Cyc. 853. Suffice it to say that there is no evidence that the public right to the street had in any way been lost.

Conceding that the Des Moines Union could keep the public out of the shanty, it could permit individuals to enter the same, and its sole agent in charge of the shanty had invited the plaintiff to enter it. He did so, and was in the public street, with the permission of the Des Moines Union, the only one who it is even claimed had an exclusive right therein. He was thus in the shanty not as a trespasser against any human being.

But, if we assume he was a trespasser, it was against the Des Moines Union, and not on the property of the Chicago Great Western Railroad Company. Could that defeat his recovery, or aid in doing so? In other words, is it any defensive matter for a railroad company, that injured a claimant, that he was a technical trespasser upon the property of a third party? This question was before the Supreme Court of Arkansas and elaborately considered in St. Louis, etc., Railway Co. v. Jackson, 96 Ark. 469, 132 S. W. 206, 31 L. R. A. (N. S.) 980, and it was there held that the fact that the injured party was a trespasser upon the property of a third party would not avail the defendant. To the same effect is Missouri, etc., Ry. Co. v. Scarborough, 29 Tex. Civ. App. 194, 68 S. W. 196, and much can be found to sustain that doctrine in West Virginia, etc., Ry. Co. v. State, 96 Md. 652, 54 Atl. 669, 61 L. R. A. 574; Ambroz v. Light & Power Co., 131 Iowa, 336, 108 N. W. 540; Connell v. Keokuk Elec. Ry. & Power Co., 131 Iowa, 622, 109 N. W. 177; Louisville, etc., Ry. Co. v. Downey, 18 Ind. App.

140, 47 N. E. 494; St. Louis, etc., Ry. Co. v. Troutman (Tex. Civ. App.) 138 S. W. 427. The District Court was in error in its holding that the law with reference to trespassers had anything to do with this case.

[2] The plaintiff in error claims in substance that the maxim "res ipsa loquitur" applies to this case. This might be true if the plaintiff had not set out in full in what the negligence of the defendant consisted, viz.:

First: "That the defendant was negligent in failing to equip the end of the track with a bumper that would keep said car from running off of said track."

Second: "That the defendant company was negligent in failing to have a light or some signal in an attempt to run their cars across the street without tracks."

Third: "That the defendant company was negligent and careless in their failure to provide a switchman or brakeman on said cars for the purpose of giving to fireman or engineer his signal when to stop before reaching the end of said track."

Under such circumstances the maxim in question can have no application. Midland Valley R. Co. v. Conner, 217 Fed. 956, 133 C. C. A. 628.

The judgment of the District Court is reversed, and the case is ordered remanded to it, with instructions to set aside the verdict and grant a new trial.