[L. A. No. 6936. In Bank.—May 26, 1922.]

JAMES CONNOR, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE—PLEADING—DOCTRINE OF RES IPSA LOQUITUR.—Where the plaintiff, instead of relying upon a general allegation of negligence, sets out specifically the negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply.

[2] ID.—BASIS OF DOCTRINE.—The *res ipsa loquitur* doctrine is based in part upon the theory that the defendant in charge of the instrumentality which causes the injury either knows the cause of the accident or has the best opportunity of ascertaining it, and that the plaintiff has no such knowledge and, therefore, is compelled to allege negligence in general terms and to rely upon the proof of the happening of the accident in order to establish negligence.

[3] ID.—INJURY TO LOCOMOTIVE FIREMAN — WASHING OUT OF BRIDGE SUPPORT—PLEADING—EVIDENCE—EXPLANATION OF CAUSE OF ACCIDENT — INAPPLICABILITY OF DOCTRINE. — The doctrine of *res ipsa loquitur* is not applicable to an action for personal injuries received by a locomotive fireman from the giving away of an abutment of a bridge while his train was passing over it, where, in-

---

2. Application of doctrine of *res ipsa loquitur* in creating presumption of negligence, note, 113 Am. St. Rep. 999.

3. Applicability, as between master and servant, of maxim *"res ipsa loquitur"* to fall of bridge, note, 28 L. R. A. (N. S.) 591.

Pleading particular cause of injury as waiver of right to rely on *res ipsa loquitur*, notes, 24 L. R. A. (N. S.) 788; L. R. A. 1915F, 992.

stead of alleging negligence in general terms and proving the happening of the accident, the plaintiff both alleged and proved that the support was washed away by a cloudburst shortly before the accident and predicated his charge of negligence on the failure to inspect the track after the cloudburst and before the train had passed over the bridge.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Reversed.

The facts are stated in the opinion of the court.

E. W. Camp, M. W. Reed and Robert Brennan for Appellants.

Allison & Dickson and David W. Richards for Respondent.

WILBUR, J.—The plaintiff recovered a judgment for seven thousand five hundred dollars for injuries received by him while acting as a fireman upon a train operated from Searchlight to Goffs upon the railroad of the Atchison, Topeka & Santa Fe Railway. The injuries were caused by the giving away of an abutment of a bridge upon which the engine occupied by the plaintiff was crossing. The line was a branch line fifty-two miles in length and the train operated by the plaintiff and his coemployees left Goffs for Searchlight in the morning, crossing the bridge in question about three miles after leaving Barnwell. The injuries occurred when they were returning over the same bridge in the evening. During the afternoon a cloudburst occurred in the mountains, causing a washout under the eastern abutment of the bridge about four feet wide and sufficiently deep to undermine the abutment. The tracks remained in perfect alignment and there was nothing to indicate to the approaching engineer and fireman that there had been any washout rendering the bridge unsafe, although there was some evidence that there had been rainfall in the vicinity. The train was proceeding about ten miles an hour. The negligence relied upon by the plaintiff is the failure of the defendants to cause the track to be inspected after the cloudburst and before the train passed over the bridge.

Plaintiff alleges in his complaint that "the approach and support of said bridge on the opposite end from the direction in which said locomotive was proceeding had previously been washed away by water, leaving said bridge in a defective and unsafe condition and unfit for the purpose for which it was constructed. That the condition of the said approach and support to said bridge and the condition of said bridge was not known to the plaintiff, but said condition was, or could have been known to the defendants by the exercise of proper and necessary care on the part of the defendants, their agents and servants. That the defendants, by and through their agents and servants, carelessly and negligently permitted and allowed said bridge to be and remain in the defective and unsafe condition as aforesaid, and did not exercise that degree of care and precaution and diligence to provide safe appliances and roadbed which the law requires."

The defendant John Barton Payne admits the injury to the bridge by the washout but denies that he had knowledge of the injury to the bridge or that he could have ascertained such injury by the exercise of proper or necessary care and denies that he negligently permitted the bridge to remain in an unsafe condition. The plaintiff offered evidence tending to show that certain employees of the defendant railroad director had been informed of the cloudburst but notwithstanding such information had failed to inspect the tracks.

The defendants appeal from the judgment and claim that in any event the judgment is erroneous as to the Railway Company because of the fact that at the time of the accident the railroad was being operated by the director-general, John Barton Payne, the defendant. It is conceded by the respondent that the judgment against the Railroad Company should be reversed for that reason. It is further claimed that the court erred in refusing to give certain instructions proposed by the defendant and that the verdict is excessive.

The plaintiff offered no instructions and the court gave none of its own motion and submitted the case upon some of the instructions requested by the defendants and refused others requested by the defendants. No instruction was given to the jury defining negligence or informing them that for the plaintiff to recover it must be shown that the

injuries received by him were the proximate result of the negligence of the defendants nor was any instruction given upon the measure of damages. The defendant offered an instruction in three paragraphs, the first defining negligence, the second instructing the jury that in order for the plaintiff to recover the negligence must be the proximate cause of his injuries, and the third instruction upon the subject of *res ipsa loquitur.* Respondent concedes that the first and second paragraphs are correct statements of the law, and it must also be conceded that such instruction should have been given in the case, but it is contended that the instruction must be considered as a whole and that that portion of the instruction upon the subject of *res ipsa loquitur* was erroneous and therefore justified the refusal of the entire instruction. That portion of the instruction reads as follows:

"In this behalf, you are instructed that the mere occurrence of the accident in this case or of the damage complained of, if you find that the accident and damage did occur, is no evidence of negligence on the part of the defendants or of any of their servants, agents or employees, and that the burden is on the plaintiff to show by a preponderance of the evidence that the defendants were guilty of negligence which proximately caused the damage. The plaintiff has the burden of proving by a preponderance of the evidence that the defendants were guilty of negligence."

The question of whether or not the doctrine of *res ipsa loquitur* applies is to be determined by the decisions of the United States supreme court under the federal employers' liability law (Fed. Stats. Ann., 2d ed., pp. 1208, 1339; U. S. Comp. Stats., secs. 8657, 8665), under which this action was brought. It is a matter of doubt whether this doctrine is applicable under the federal employers' liability law (Roberts Injuries to Interstate Employees, sec. 22, p. 48; Richey's Federal Employers' Liability, 2d ed., sec. 163, p. 330; *Patton* v. *Texas & Pacific Ry. Co.,* 179 U. S. 658 [45 L. Ed. 361, 21 Sup. Ct. Rep. 275, see, also, Rose's U. S. Notes]; *Sweeney* v. *Erving,* 228 U. S. 233 [Ann. Cas. 1917D, 905, 57 L. Ed. 815, 33 Sup. Ct. Rep. 416]; *Southern Ry. Co.* v. *Bennett,* 233 U. S. 80 [58 L. Ed. 860, 34 Sup. Ct. Rep. 566]; *Chicago & N. W. Ry. Co.* v. *O'Brien,* 132 Fed. 593 [67 C. C. A. 421]; *Cincinnati etc. Ry. Co.* v. *South Fork Coal Co.,* 139 Fed. 528 [71

C. C. A. 316]; *Southern Ry. Co.* v. *Derr,* 240 Fed. 73 [153 C. C. A. 109]).

For the purpose of this decision, however, we will assume that the doctrine of *res ipsa loquitur* does apply to actions brought by the employees against interstate commerce carriers under the federal employers' liability law. Under this doctrine the unexplained falling of the bridge in question would establish negligence *prima facie.*

In this case there was a complete explanation of the cause of the accident. The plaintiff himself in his pleading explains the cause of the accident, namely, the washing out of the support of the bridge. The evidence shows that this was the result of a sudden cloudburst and that the injury to the bridge had occurred but a short time before the accident. The complaint is predicated upon the theory that the defendants were negligent in failing to inspect the tracks after the cloudburst. [1] The general rule is that where the plaintiff in his complaint gives the explanation of the cause of the accident, that is to say, where the plaintiff, instead of relying upon a general allegation of negligence, sets out specifically the negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply. (*White* v. *Chicago G. W. R. Co.,* 246 Fed. 427 [158 C. C. A. 491]; *Midland Valley R. Co.* v. *Conner,* 217 Fed. 956 [133 C. C. A. 628]; *Lyon* v. *Chicago etc. Ry. Co.,* 50 Mont. 532 [148 Pac. 386]; *West* v. *Hollady* (Mo. App.), 196 S. W. 403; *Texas Co.* v. *Charles Clarke & Co.* (Tex. Civ. App.), 182 S. W. 351.) [2] The *res ipsa loquitur* doctrine is based in part upon the theory that the defendant in charge of the instrumentality which causes the injury either knows the cause of the accident or has the best opportunity of ascertaining it, and that the plaintiff has no such knowledge and, therefore, is compelled to allege negligence in general terms and to rely upon the proof of the happening of the accident in order to establish negligence. (See cases last cited.)

[3] In this case if the plaintiff had alleged negligence in general terms and had merely proved the happening of the accident, a *prima facie* case would have been established under the doctrine of *res ipsa loquitur*. But where the plaintiff went further and showed that the accident was caused by a cloudburst, the question of whether or not the

defendant was negligent in failing to inspect the track was to be determined by the jury without reference to the *prima facie* case resulting from the mere happening of the accident. (*Parsons* v. *Hecla Iron Works*, 186 Mass. 221, 223, 224 [71 N. E. 572]; *Lyon* v. *Chicago etc. Ry. Co., supra; Hull* v. *Berkshire Street Ry.*, 217 Mass. 361 [5 A. L. R. 1330, 104 N. E. 745]; *Cleary* v. *Cavanaugh*, 219 Mass. 281 [106 N. E. 998]; *Anderson* v. *Northern Pac. R. Co.*, 88 Wash. 139 [L. R. A. 1917F, 1020, 152 Pac. 1001]; *West* v. *Hollady, supra; Velotta* v. *Yampa Valley Coal Co.*, 63 Colo. 489 [L. R. A. 1918B, 917, 167 Pac. 971, 975]; *Texas Co.* v. *Charles Clarke & Co., supra; Shea* v. *Thomas Elevator Co.*, 167 Ill. App. 365, 367; *Dentz* v. *Pennsylvania R. R. Co.*, 75 N. J. L. 893 [70 Atl. 164]; *Illinois Steel Co.* v. *Xolnowski*, 118 Ill. App. 209, 216; *Rocap* v. *Bell Telephone Co.*, 230 Pa. 597, 602, 603 [36 L. R. A. (N. S.) 279, 79 Pac. 769]; *Enloe* v. *Southern Ry. Co.*, 179 N. C. 83 [101 S. E. 557]; *Randolph* v. *Hunt*, 41 Cal. App. 739, 748 [183 Pac. 358]; 29 Cyc. 592; *Ginochio* v. *City and County of San Francisco*, 57 Cal. App. 150 [206 Pac. 673], rehearing denied.) However, where the explanation leaves it doubtful as to whether or not the ultimate cause of the injury is the negligence of the party charged, it is proper to instruct the jury as to the *res ipsa loquitur* doctrine. (*Zerbe* v. *United Railroads of San Francisco*, 56 Cal. App. 583 [205 Pac. 887], rehearing denied.)

Under the pleadings and the evidence in support thereof the *res ipsa loquitur* doctrine did not apply. While there is nothing in the case indicating that the plaintiff relied upon the doctrine, either in the pleading or proof, it was nevertheless proper to instruct the jury that the doctrine did not apply and, therefore, the entire instruction under consideration defining negligence should have been given.

We think it clear under these circumstances that the instructions propounded by the defendants correctly stated the law, namely, that the mere happening of the accident under the circumstances of the case did not establish negligence upon the part of the defendants. The case of *O'Connor* v. *Mennie*, 169 Cal. 217 [146 Pac. 674], relied upon by the respondent as establishing the doctrine of *res ipsa loquitur* in cases of injury received by an employee is not applicable, for the reason that in that case the court was dealing with

an unexplained accident, while in the case at bar the cause of the accident is fully explained and undisputed. It did not result from defective or unsafe appliances, but from an injury to the railroad from storm water, and the question involved was as to whether or not the defendants were negligent in failing to ascertain the fact of the injury in time to prevent the accident. Under the Employers' Liability Act the basis of the plaintiff's recovery is negligence (35 U. S. Stats. at Large, 65, c. 149; *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492 [Ann. Cas. 1915B, 475, L. R. A. 1915C, 1, 58 L. Ed. 1062, 34 Sup. Ct. Rep. 635, see, also, Rose's U. S. Notes]). The question of negligence under the circumstances was one for the determination of the jury.

In view of the fact that our conclusion necessitates a reversal of the case, it is unnecessary to pass upon the other questions raised by the respondent, as in the event of a new trial the jury, no doubt, will be properly instructed.

Judgment reversed.

Shaw, C. J., Shurtleff, J., Lennon, J., Richards, J., *pro tem.,* Sloane, J., and Lawlor, J., concurred.