## PENNSYLVANIA R. CO. v. BRUBAKER.

Circuit Court of Appeals, Sixth Circuit.
April 12, 1929.

No. 5114.

Norman A. Emery, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for plaintiff in error.

Lewis D. Houck, of Cleveland, Ohio (Payer, Minshall, Karch & Kerr, of Cleveland, Ohio, on the brief), for defendant in error.

Before HICKS, HICKENLOOPER, and KNAPPEN, Circuit Judges.

HICKS, Circuit Judge. This is a suit for personal injuries, controlled by the Federal Employers' Liability Act. Act April 22, 1908, c. 149, § 1, 35 Stat. 65; title 45, c. 2, § 51, U. S. C. (45 USCA § 51). Plaintiff in error challenges the denial of its motion to direct a verdict. This is the only matter presented here.

Defendant in error, herein called plaintiff, was one of a crew of freight handlers, engaged in transferring a large and heavy crated electric motor from a freight car to the platform of a freight station. To ac-complish this, plaintiff and his fellows had balanced the crate upon the steel plow and frame of an ordinary two-wheel freight truck, with the forward end of the crate extending some two or three feet beyond the plow of the truck. They had pulled the truck, thus loaded, to the station platform, and in the process of unloading they had lowered the front of the truck until the lower front edge of the crate rested on the platform. The crate was about 5 feet long, 3½ feet wide, and 4 feet high, and, including the motor, weighed about a ton and a half. While it was in the position indicated, the crew undertook to lower it to the platform in the following manner:

Three of them manually further elevated the upraised end while plaintiff and two others forced down the handles of the truck, lever fashion, thus assisting the operation by raising the plow of the truck. When the raised end of the crate had thus been further elevated, those having hold of it held it suspended, while plaintiff and his fellows raised the truck handles and pulled the truck back somewhat, and again lowered the handles. As the men holding the crate gradually lowered it, the plow would again engage with the underside of the crate. The intention was to repeat this operation until the truck was entirely removed and the crate safely lowered; but either while the truck was being placed, or had been placed, in position to again receive the crate when lowered, the handles of the truck being down, the crate came down with unexpected force upon the plow, forcing it down and the handles of the truck up against the plaintiff, to his injury.

It is clear that the injury resulted from the impact of the crate upon the plow, but this does not of itself justify the verdict in plaintiff's favor. Proof of negligence upon the part of plaintiff's fellow workmen is essential, and we can find no evidence of it. Plaintiff did not see the crate fall. Depner, one of the crew, attempted no explanation of it, and no other member of the crew was called as a witness. There is no proof that either of the men voluntarily released his hold upon the crate, as charged in the amended petition, or exerted less than his utmost physical strength to support it, or lowered it in any unusual manner, or was otherwise guilty of any fault.

If in the natural course of the operation, the force of the impact of the crate upon the plow was greater than that anticipated by plaintiff and his fellows, or if this was occasioned by withdrawing the truck

somewhat further than was expected by those holding the crate, the result can be characterized as nothing more than a normal incident to the work in hand and as a risk assumed; but the impact of the crate upon the plow, standing alone, is not evidence that the men handling it were lacking in due care. Southern Railway Co. v. Derr, 240 F. 73, 74 (C. C. A. 6); Cincinnati Co. v. So. Fork Co., 139 F. 528, 533, 1 L. R. A. (N. S.) 533 (C. C. A. 6). Upon the argument, counsel for plaintiff disclaimed the application of the doctrine of res ipsa loquitur. There must be some other fact or circumstance connected with the occurrence which will afford a substantial basis for an inference of negligence (cases supra), and, in our opinion, the record discloses no such evidence and justifies no conclusion beyond mere guess or conjecture. The record is entirely silent as to how or why, or with clearness when, the impact took place, or that it was not an ordinary incident of the work which the men were engaged in. For such lack of any substantial evidence to support plaintiff's petition, the motion for a directed verdict should have been sustained.

The judgment is therefore reversed, and the case remanded for a new trial.